UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EVERETT HUNT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BLOOM ENERGY CORPORATION, et al.,<br><br>Defendants. | Case No. 19-cv-02935-HSG<br><br>**ORDER DENYING MOTION TO STRIKE**<br><br>Re: Dkt. No. 128 |

Pending before the Court is Defendants' motion to strike portions of Lead Plaintiff James Hunt's Second Amended Complaint. Dkt. No. 128 ("Mot."). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court **DENIES** the motion.

**I.  BACKGROUND**

On May 28, 2019, Plaintiff Elissa M. Roberts filed this putative class action. Dkt. No. 1. Three other interested plaintiffs then timely moved for appointment as lead plaintiff, including James Everett Hunt. *See* Dkt. Nos. 10, 14, 17. After the other two motions were withdrawn, Mr. Hunt was the sole remaining movant. *See* Dkt. Nos. 21, 37. On September 3, 2019, the Court[1] granted Mr. Hunt's unopposed motion and appointed him as the Lead Plaintiff of the putative class and Levi Korsinsky, LLP as Lead Counsel. *See* Dkt. No. 39. The parties subsequently stipulated to a deadline for Lead Plaintiff to file an amended complaint and the briefing schedule for Defendants' anticipated motion to dismiss. *See* Dkt. No. 42. The parties' stipulation did not address the addition of any additional plaintiffs.

---

[1] This case was reassigned from the Honorable William H. Orrick in December 2019. *See* Dkt. No. 100.

On April 21, 2020, Lead Plaintiff filed a Second Amended Complaint. Dkt. No. 113 ("SAC"). The SAC included six additional named plaintiffs: (1) Juan Rodriguez; (2) Kurt Voutaz; (3) Scott Kline; (4) Joel White; (5) Andrew Austin; and (6) Ryan Fishman. *See id.* at ¶¶ 8–14. Additionally, the SAC identified Hagens Berman Sobol Shapiro LLP as "additional counsel for plaintiffs and the class" in the signature block. *Id.* at 137.

## II.   DISCUSSION

Defendants move to "strike from the Second Amended Complaint references to the six additional plaintiffs and newly-added counsel, none of which has applied for or been appointed by the Court as lead plaintiff or lead plaintiff counsel." Mot. at 3. Defendants assert that the inclusion of these additional named plaintiffs violated the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *Id.* at 2. But Defendants fail to cite any authority supporting this claim, and the Court rejects it.

Defendants essentially rely on a single district court case, *In re Snap Inc. Sec. Litig.*, 394 F.Supp.3d 1156 (C.D. Cal. 2019), in support of their contention that "[a] lead plaintiff is not permitted to add other plaintiffs in a representative capacity without court approval." *Id.* (citing *In re Snap*, 394 F.Supp.3d at 1158). *In re Snap* is not controlling authority, and more importantly, as Plaintiffs point out, that case involved plainly different circumstances. In *In re Snap*, the question was whether the previously-approved lead plaintiff could withdraw from the litigation, and substitute a replacement lead plaintiff of his (rather than the court's) choosing. *In re Snap*, 394 F.Supp.3d at 1158 (characterizing effort of lead plaintiff there as "an attempt to circumvent the PSLRA's Lead Plaintiff appointment process by having the two proposed Named Plaintiffs *replace* him without a full review under the PSLRA") (emphasis added). In this case, no replacement is being sought: Mr. Hunt, the approved Lead Plaintiff, remains in that role. And the Court agrees with Plaintiffs that nothing in the PSLRA requires court approval for the addition of additional named plaintiffs by the Lead Plaintiff. *See Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 82–83 (2d Cir. 2004) (explaining that "the PSLRA does not in any way prohibit the addition of named plaintiffs to aid the lead plaintiff in representing a class"). Nor does the PSLRA speak to whether lead counsel may associate additional counsel to assist in the prosecution of a case, subject to the

control of lead counsel.  So Defendants' motion fails, because the claimed prohibition in the PSLRA on which it relies simply does not exist.

To the extent Defendants' complaint is really that Plaintiffs should have sought leave of court before adding these new plaintiffs and counsel in the SAC, they have a better point.  Some of Plaintiffs' own cited authorities recognize that securities lead plaintiffs often seek leave to amend to add other plaintiffs, consistent with the normal practice for any other type of amendment.  *See, e.g.*, *Siemers v. Wells Fargo & Co.*, No. 3:05-cv-04518-WHA, 2006 WL 3041090, at *3, *13 (N.D. Cal. Oct. 24, 2006); *In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2005 WL 8179740, at *1–4 (N.D. Cal. Mar. 9, 2005).  While Defendants stipulated to the filing of the SAC to account for the upcoming release of Bloom Energy's Form 10-K in March of 2020, they appear to have had no reason to believe that the contemplated amendment would also include new plaintiffs and counsel.  *See* Dkt. No. 112.  The better course would have been for Plaintiffs to seek leave to make these additions, as they tacitly recognize is done routinely.

That said, the Court declines to strike the challenged additions based on a different rationale than the one Defendants actually advance, because doing so would be a waste of party and judicial resources.  The Court agrees with Plaintiffs that the additions are permissible and consistent with the Lead Plaintiff's duties.  *See Bodri v. GoPro, Inc.*, 2016 WL 1718217 (N.D. Cal. Apr. 28, 2016), at *6 ("Being a lead plaintiff is not the same thing as being a class representative, and additional named plaintiffs may be added later to represent subclasses of plaintiffs with distinct interests or claims."); *In re Glob. Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 205 (S.D.N.Y. 2003) ("Lead Plaintiffs have a responsibility to identify and include named plaintiffs who have standing to represent the various potential subclasses of plaintiff who may be determined, at the class certification stage, to have distinct interests or claims.  By naming additional plaintiffs who, as purchasers of different categories of securities, have standing to bring claims on behalf of the various potential subclasses of securities purchasers, the Lead Plaintiffs in this case have simply exercised that responsibility.").  While Defendants argue that "the new plaintiffs all purport to assert the same claims Hunt asserts on behalf of the same class," making them "duplicative," Reply at 2, the Court accepts Plaintiffs' counsel's representation that

3

"[c]onsistent with his obligations, lead plaintiff . . . has concluded that it would be beneficial to the interests of the absent class members to add additional named plaintiffs to pursue all available claims and to utilize the assistance of additional counsel." Opp. at 8.

Under the circumstances, *sua sponte* striking the additions for failure to seek leave would simply generate a motion for leave, which the Court would grant under the liberal standard governing such motions.  See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("This policy is to be applied with extreme liberality.") (quotation omitted).  To the extent Defendants believe the inclusion of the new representative plaintiffs poses substantive concerns, those can be dealt with later on their merits.  And to eliminate any potential ambiguity, the Court instructs Lead Plaintiff and Plaintiffs' counsel that to the extent they seek any further amendments to the complaint, they must submit either a motion for leave or a stipulation and proposed order granting leave.

**IT IS SO ORDERED.**

Dated:  3/23/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge