**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Telephone: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Lead Counsel for Plaintiffs and the Class*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISSA M. ROBERTS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BLOOM ENERGY CORPORATION, et al.,<br><br>Defendants. | CASE NO.: 4:19-cv-02935-HSG<br><br>**PLAINTIFFS' RULE 54(b) MOTION FOR ENTRY OF JUDGMENT IN FAVOR OF PRICEWATERHOUSECOOPERS LLP**<br><br>Date: March 3, 2022<br>Time: 2:00 p.m.<br>Courtroom: 2 – 4th Floor, Oakland<br>Judge: Hon. Haywood S. Gilliam, Jr. |

**NOTICE OF MOTION AND MOTION FOR ENTRY OF JUDGMENT IN FAVOR OF PRICEWATERHOUSECOOPERS LLP PURSUANT TO RULE 54(b)**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Please take notice that on March 3, 2022, at 2:00 p.m., Lead Plaintiff James Everett Hunt and additional plaintiffs Juan Rodriguez, Kurt Voutaz, Scott Kline, Joel White, Andrew Austin, and Ryan Fishman (collectively, "Plaintiffs") will and hereby do bring this motion for hearing before the Honorable Haywood S. Gilliam, Jr., Courtroom 2, Fourth Floor, Ronald V. Dellums Federal Building, 1301 Clay Street, Oakland, California, 94612.

As set forth in the attached memorandum, the Court should direct entry of judgment as to defendant PricewaterhouseCoopers LLP and the claims asserted against it pursuant to Rule 54(b). A proposed Final Judgment is attached.

This motion is based on the attached memorandum and such argument as may be presented before or at the hearing in this matter.

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................. 1

II.  STATEMENT OF ISSUES TO BE DECIDED ................................................................... 2

III. PROCEDURAL HISTORY AND STATEMENT OF RELEVANT FACTS .................... 2

IV.  STANDARD OF LAW ....................................................................................................... 4

V.   ARGUMENT ....................................................................................................................... 4

    A.   The Court Should Direct Entry of Final Judgment as to Defendant PwC because PwC and Plaintiffs' Accounting Claims have been Entirely Dismissed from the Action. ........................................................................................ 4

    B.   There is No "Just Reason" for Delay. ...................................................................... 5

VI.  CONCLUSION .................................................................................................................... 7

Lead Plaintiff James Everett Hunt and additional plaintiffs Juan Rodriguez, Kurt Voutaz, Scott Kline, Joel White, Andrew Austin, and Ryan Fishman (collectively, "Plaintiffs"), move this Court pursuant to Rule 54(b) to direct entry of judgment as to defendant PricewaterhouseCoopers LLP ("PwC") and the claims asserted against it.

## I.   INTRODUCTION

In their Second Amended Class Action Complaint ("Complaint"), Plaintiffs alleged claims under Section 11 of the Securities Act of 1933, 15 U.S.C. § 77l, against PwC based on misrepresentations made in the Registration Statement of Bloom Energy Corp. filed in connection with its initial public offering on July 25, 2018. Specifically, Plaintiffs alleged that the financial statements contained in the Registration Statement misrepresented revenue earned by Bloom Energy and failed to properly reflect or disclose loss contingencies relating to its Energy Servers. As auditor of Bloom Energy's financial statements whose audit opinion was included in the registration Statement, the Complaint alleged a claim against PwC under Section 11. Plaintiffs also alleged claims based on the same misrepresentations against Bloom Energy, nine officers and directors, and ten underwriters of Bloom Energy's IPO. Plaintiffs also alleged claims under Section 11 against Bloom Energy, its officers and directors, and the IPO underwriters based on other alleged misrepresentations in the Registration Statement regarding construction delays and the efficiency of its Energy Servers. By its Order dated September 29, 2021, the Court dismissed all the claims against PwC as well as the related accounting-based claims alleged against the other Defendants. The Court denied the motions to dismiss some of the other claims alleged against the other Defendants arising from construction delays and the efficiency of Bloom Energy's Energy Servers.

Plaintiffs now request the Court direct entry of judgment on their claims against PwC. The Court has dismissed the claims in their entirety. The Court has also dismissed the related accounting claims alleged against the other defendants. Other than being contained in the same document, there is no material factual overlap between Bloom Energy's representations regarding construction delays and the efficiency of its Energy Servers that remain at issue in this case and the misrepresentations alleged in its financial statements. Thus, there is no administrative or legal

confusion or duplication arising from entry of judgment on the accounting claims while permitting the remaining claims to proceed. To the contrary, delaying entering judgment would generate considerable confusion and prejudice. Without judgment, PwC would remain parties to this proceeding, and the claims alleged against it would be left in a limbo awaiting any appellate review for potentially years while the remaining claims are litigated against the other Defendants. It would be prejudicial to both Plaintiffs and PwC to be subject to this delay and then potentially return to this Court years from now to start litigating the claims recently dismissed.

"When an action presents more than one claim for relief . . . or when multiple parties are involved," Rule 54(b) allows the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Rule 54(b). As the facts pertaining to the accounting claims are separate from those relating to the construction delays and efficiency claims, the Court can enter judgment as to the accounting claims against PwC. Further, as the accounting issues have been completely dismissed against all Defendants, there is no risk that any appellate court would have to decide the same issues on sequential appeals.  Accordingly, as the claims against PwC have been finally adjudicated and there is no just reason for delay, Plaintiffs' motion should be granted.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should direct entry of final judgment as to defendant PwC and the claims against it pursuant to Rule 54(b).

## III. PROCEDURAL HISTORY AND STATEMENT OF RELEVANT FACTS

On May 28, 2019, an initial complaint was filed by Elissa M. Roberts on behalf of certain purchasers of Bloom Energy common stock pursuant or traceable to the Form S-1 Registration Statement and Prospectus against the Company and the Individual Defendants, alleging claims under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act").   ECF No. 1.  On September 3, 2019, Judge William H. Orrick issued an order, appointing James Everett Hunt as Lead Plaintiff and Levi & Korsinsky, LLP as Lead Counsel in the Consolidated Action.  ECF No. 39.

On April 21, 2020, Lead Plaintiff James Everett Hunt and additional plaintiff Juan Rodriguez filed the Second Amended Class Action Complaint ("Complaint"), adding Kurt Voutaz, Scott Kline, Joel White, Andrew Austin, and Ryan Fishman as additional plaintiffs. ECF No. 113. The Complaint asserts claims under the Securities Act against Bloom Energy, nine officers and directors, and ten underwriters of Bloom's IPO and PwC, and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. 15 U.S.C. § 78j, (the "Exchange Act"), and SEC Rule 10b-5, 17 C.F.R. 140.10b-5, promulgated thereunder, against Bloom Energy, Bloom's CEO KR Sridhar, and Bloom's former CFO Randy Furr on behalf of all persons and entities who purchased or otherwise acquired shares of Bloom Energy common stock: (i) in Bloom Energy's IPO on July 25, 2018; and/or (ii) on the public market between July 25, 2018 and February 12, 2020, inclusive (the "Class Period").

In pertinent part, the Complaint alleges that Bloom Energy's Registration Statement for its IPO i) improperly accounted for loss contingencies relating to its Energy Servers; ii) improperly accounted for revenue; iii) failed to review weaknesses in its internal controls; iv) misrepresented the life cycle of its fuel cells; v) misled investors as to construction delays affecting its business; and vi) misrepresented the efficiency and pollution output of its Energy Servers. ECF No. 113, ¶3. As Bloom Energy's auditor, the Complaint alleged that PwC was liable under Section 11 of the Securities Act for the misrepresentations contained in Bloom Energy's financial statements. *Id*. ¶115-117

On July 1, 2020, Defendants filed three motions to dismiss the Complaint, and a motion to strike the Complaint. ECF Nos. 127-130. On March 23, 2021, the Court denied Defendants' motion to strike the Complaint. ECF No. 155. On September 29, 2021, the Court entered an order granting in part and denying in part the motions to dismiss. ECF No. 157 (*Hunt v. Bloom Energy Corp.*, No. 19-CV-02935-HSG, 2021 WL 4461171, at *8 (N.D. Cal. Sept. 29, 2021)). The Court: (1) granted PwC's motion to dismiss the all the claims against it; (2) granted in part and denied in part the other Defendants' motion to dismiss claims under Section 11.[1]

---

[1] The Court also dismissed the claims alleged under the Exchange Act. ECF No. 157.

As to the non-PwC Defendants' motion in particular, the Court dismissed claims arising from statements in the IPO Registration Statement related to i) accounting for loss contingencies relating to its Energy Servers; ii) the life cycle of Bloom's fuel cells; iii) accounting for revenue; iv) internal controls; and v) Energy Servers emissions. ECF No. 157.

Accordingly, as the complaint currently stands, the sole remaining misrepresentations relate to (i) construction delays; and (ii) the beginning-of-life efficiency of the Energy Servers. ECF No. 157. PwC and all accounting claims have been entirely dismissed from the action.

## IV.   STANDARD OF LAW

"Appellate courts generally only have jurisdiction to hear appeals from final orders. *See California v. Trump*, No. 19-CV-00872-HSG, 2019 WL 2715421, at *5 (N.D. Cal. June 28, 2019) (Gilliam, J.) (citing 28 U.S.C. § 1291). "Rule 54(b) allows for a narrow exception to this final judgment rule, permitting courts to 'direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.'" *Id*. (quoting Rule 54(b)). "When an action presents more than one claim for relief . . . or when multiple parties are involved," Rule 54(b) allows the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Rule 54(b). Thus, "[e]ntry of judgment under Rule 54(b) thus requires: (1) a final judgment; and (2) a determination that there is no just reason for delay of entry." *Id.* (*citing Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018).

## V.   ARGUMENT

**A.   The Court Should Direct Entry of Final Judgment as to Defendant PwC because PwC and Plaintiffs' Accounting Claims have been Entirely Dismissed from the Action.**

"A district court must first determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). "Rule

54(b)'s use of the word 'claim' at minimum refers to 'a set of facts giving rise to legal rights in the claimant.'" *Pakootas*, 905 F.3d at 575. "Multiple claims can thus exist if a case joins multiple sets of facts." *Id.* "[A] district court can enter final judgment on a claim even if it is not 'separate from and independent of the remaining claims.'" *Id.* "[S]uch a judgment is permissible even if the claim arises out of the same transaction and occurrence as pending claims." *Id*.

The Complaint alleged claims relating to Bloom that arose from two distinct sets of facts: (1) facts relating to Bloom Energy's accounting treatment for loss contingencies and revenue; and (2) facts relating to Bloom Energy's disclosures regarding construction delays and the efficiency of its Energy Servers. *Bloom Energy*, 2021 WL 4461171, at *3. There can be no dispute that the accounting claims, and all claims relating to PwC alleged in the Complaint have been dismissed by the Court. *Id.* at *4-8. As these were the only claims alleged against PwC, the Court granted PwC's motion to dismiss in its entirety. *Id*. at 13-15. As the facts pertaining to the accounting claims are separate from those relating to the construction delays and efficiency claims, the Court can enter judgment as to the accounting claims against PwC. *See Pakootas*, 905 F.3d at 575 ("the Colville Tribes' counts for response costs and for natural resource damages present multiple claims because each requires a factual showing not required by the other.").

### B. There is No "Just Reason" for Delay.

"As the Ninth Circuit has explained, 'judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.'" *Trump*, 2019 WL 2715421, at *5 (*quoting Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)). "Accordingly, an explanation of findings should include a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims ***still pending*** before the trial court." *Id*. (emphasis added).

Here, the sole remaining claims relate to (i) construction delays; and (ii) the beginning-of-life efficiency of Bloom Energy's Energy Servers. ECF No. 157. PwC and all accounting claims

have been entirely dismissed from the action. *Id*. Therefore, there is no risk of "piecemeal appeals." *Curtiss-Wright*, 446 U.S. at 8. Rather, "the [accounting] claims under review [are] separable from the others [construction delays and life efficiency] remaining to be adjudicated." *Id*.

Defendants argued in the recent CMC statemen that there is overlap between the claims dismissed against PwC and other claims in the case. *See* ECF No. 159 at 7. PwC, however, could only refer to Section III.A.i.b of the Court's September 29, 2021 Order which dismissed the accounting claims against the remaining Defendants. *Id*. ("[t]he Court's reasoning for dismissal of the Section 11 claim against PwC is intertwined with its reasoning for dismissal of a portion of the same claim against the other Section 11 Defendants"). Thus, PwC can point to no overlap between any facts at issue in the appeal and facts which would be litigated in connection with any of the remaining claims in this Court.

This distinguishes this case from Magistrate Judge Hixson's decision in *Abdo v. Fitzsimmons*, 2021 WL 3493169 (N.D. Cal. May 17, 2021), sent to Plaintiffs by counsel for PwC. In *Abdo*, plaintiff argued that a company's officers and directors made materially misrepresentations causing him to lose millions of dollars in violation of California Corporation Code § 25504. *Id*. at *1. Defendants moved for summary judgment and the court resolved the Section 25504 claim against one defendant, Lai, but not against the other Defendants. *Id*. Defendant Lai then filed a motion for judgment pursuant to Rule 54. *Id*. at *2. The court denied Lai's motion because "Plaintiffs' remaining claims under Section 25504 against other Defendants involve similar if not identical legal issues as the Section 25504 claim against Lai." *Id*. at *3. Therefore, the Court found that "Lai's Rule 54 motion would result in piecemeal appeals, forcing the appellate court to decide the same issues on sequential appeals rather than once as a single unit." *Id*.

On the other hand, the accounting issues at issue in the claims against PwC have been completely dismissed against all Defendants. Therefore, there is no risk that the "appellate court would have to decide the same issues on sequential appeals". *Id*.

Furthermore, there are strong practical and equitable grounds for entering judgment against PwC. Without entry of judgment, the dismissal of the claims against PwC would remain subject

6

PLAINTIFFS' RULE 54(B) MOTION
CASE NO. 4:19-CV-02935-HSG

to potential reversal for years while the remaining claims against the other Defendants are litigated. It would be highly prejudicial to both Plaintiffs and PwC to potentially have to commence litigating the claims against PwC arising from a transaction that took place in 2018, several years from now. There would be obvious detrimental effects on discovery and the availability of witnesses and evidence. Questions would also arise about PwC's ongoing status as a party in the case as the claims against it would have been dismissed as a matter of law but no judgment entered. This prejudice and confusion can be avoided by entering judgment in favor of PwC now which would (a) confirm they are no longer a party to proceedings in this Court; and (b) permit the prompt appellate review of whether the dismissal of claims alleged against PwC was correct as a matter of law.[2]

As there is no just reason for delay, the Court should grant Plaintiffs' motion.

## VI. CONCLUSION

As shown above, the requirements set forth in Rule 54(b) are met. Therefore, Plaintiffs' motion should be granted in its entirety.

Respectfully,

Dated: October 22, 2021  LEVI & KORSINSKY, LLP


By: *Adam M. Apton*
Adam M. Apton (316506)
Adam C. McCall (302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Telephone: (415) 373-1671
aapton@zlk.com
amccall@zlk.com

Nicholas Ian Porritt (admitted *Pro Hac Vice*)
LEVI & KORSINSKY, LLP

---

[2] Alternatively, if PwC is successful in its request to remain a party to this proceeding and prevent Final Judgment being entered in its favor by the Court, Plaintiffs intend to seek an interlocutory appeal from the Court's Order pursuant to 28 U.S.C. § 1292(b) as it (1) "involves a controlling question of law"; (2) that question has "substantial ground for difference of opinion"; and (3) allowing "an immediate appeal...may materially advance the ultimate termination of the litigation."

1101 30th Street NW Suite 115
Washington, DC 20007
Telephone: (202) 524-4290
nporritt@zlk.com

*Lead Counsel for Plaintiffs and the Class*

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
Danielle Smith (291237)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Additional Counsel for Plaintiffs and the Class*