Lisa R. Bugni (SBN 323962)
lbugni@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, CA 94111
Telephone: 415-318-1234

James P. Cusick (admitted *pro hac vice*)
jcusick@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Telephone: 212-556-2100

Kenneth Y. Turnbull (admitted *pro hac vice*)
kturnbull@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, 2nd Floor
Washington, D.C. 20006
Telephone: 202-737-0500

*Attorneys for Defendant*
*PricewaterhouseCoopers LLP*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISSA M. ROBERTS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BLOOM ENERGY CORPORATION, *et al.*,<br><br>Defendants. | Lead Case No. 4:19-cv-02935-HSG<br><br><u>CLASS ACTION</u><br><br>**DEFENDANT PRICEWATERHOUSECOOPERS LLP'S OPPOSITION TO PLAINTIFFS' RULE 54(b) MOTION**<br><br>Honorable Haywood S. Gilliam, Jr.<br>Hearing Date:  December 2, 2021<br>Hearing Time:  2:00 p.m.<br>Place: Courtroom 2, 4th Floor |

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................... 1

STATEMENT OF RELEVANT FACTS ...................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.    Rule 54(b) is the narrow exception to consolidated appellate review after all claims against all parties are resolved. ............................................................................ 2

II.    Plaintiffs cannot establish that this case is the unusual one in which a "seriously important reason" warrants Rule 54(b) certification. ....................................... 4

    A.    The claim that Plaintiffs seek to appeal is not separable from the others remaining to be adjudicated. ................................................................................. 4

    B.    If Rule 54(b) certification is granted, this case could go to the Ninth Circuit twice on the same issue. ............................................................................ 5

    C.    Rule 54(b) certification will delay this case. ........................................................ 6

    D.    Other aspects of Plaintiffs' motion undercut their claim for relief. ....................... 7

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Abdo v. Fitzsimmons*,
   2021 WL 3493169 (N.D. Cal. May 17, 2021) ................................................................. 5, 6, 7, 9

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
   465 F.3d 946 (9th Cir. 2006) ......................................................................................................4

*Braswell Shipyards, Inc., v. Beazer E., Inc.*,
   2 F.3d 1331 (4th Cir. 1993) .......................................................................................................3

*California v. Trump*,
   2019 WL 2715421 (N.D. Cal. June 28, 2019) ...........................................................................6

*Century Sur. Co. v. 350 W.A., LLC*,
   2008 WL 2397485 (S.D. Cal. June 11, 2008) ........................................................................3, 8

*Cobbledick v. United States*,
   309 U.S. 323 (1940) ...................................................................................................................3

*Cullen v. Margiotta*,
   811 F.2d 698 (2d Cir. 1987) ...................................................................................................4, 5

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
   446 U.S. 1 (1980) ...............................................................................................................3, 4, 7

*Frank Briscoe Co. v. Morrison–Knudsen Co.*,
   776 F.2d 1414 (9th Cir. 1985) ...................................................................................................1

*Gass v. Nat'l Container Corp.*,
   271 F.2d 231 (7th Cir. 1959) .....................................................................................................3

*Gausvik v. Perez*,
   392 F.3d 1006 (9th Cir. 2004) ...................................................................................................3

*Gregorian v. Izvestia*,
   871 F.2d 1515 (9th Cir. 1989) ...................................................................................................4

*Huggins v. FedEx Ground Package Sys., Inc.*,
   566 F.3d 771 (8th Cir. 2009) .....................................................................................................7

*Imamoto v. Soc. Sec. Admin.*,
   2008 WL 5025005 (D. Haw. Nov. 25, 2008) ............................................................................3

*Jewel v. NSA*,
   810 F.3d 622 (9th Cir. 2015) .....................................................................................................4

*Microsoft Corp. v. Motorola, Inc.*,
  2013 WL 6000017 (W.D. Wash. Nov. 12, 2013) .................................................................4

*Morrison-Knudsen Co. v. Archer*,
  655 F.2d 962 (9th Cir. 1981) ..........................................................................................4, 8

*Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*,
  575 U.S. 175 (2015) ................................................................................................1, 5, 6

*Pakootas v. Teck Cominco Metals, Ltd.*,
  905 F.3d 565 (9th Cir. 2018) ............................................................................................7

*Texaco, Inc. v. Ponsoldt*,
  939 F.2d 794 (9th Cir. 1991) .........................................................................................5, 7

*Wood v. GCC Bend, LLC*,
  422 F.3d 873 (9th Cir. 2005) ............................................................................................3

**Federal Statutes**

28 U.S.C. § 1292(b) ..................................................................................................................8

15 U.S.C. § 78u-4(b)(3)(B) .......................................................................................................6

**Other Authorities**

Fed. R. Civ. P. 54 ............................................................................................................. *passim*

**INTRODUCTION**

Rather than accept the Court's invitation to amend, Plaintiffs ask the Court to enter final judgment as to PwC now so that they may take an immediate appeal to the Ninth Circuit. *See* Motion (ECF 160). The Court should deny this unusual request.

Rule 54(b) is a narrow exception to the final judgment rule; it only applies to the "infrequent, harsh case" where it would be "unjust to delay appeal of a distinctly separate claim to await adjudication" of the entire case. Fed. R. Civ. P. 54 Adv. Comm. Notes to 1946 Amendment. In the Ninth Circuit, Rule 54(b) judgments "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Frank Briscoe Co. v. Morrison–Knudsen Co.,* 776 F.2d 1414, 1416 (9th Cir. 1985) (cleaned up). Plaintiffs cannot meet their burden of showing that this is such an exceptional case, because (1) there is a significant risk that the Ninth Circuit would hear related issues twice; and (2) Plaintiffs have failed to establish any pressing need that warrants immediate review by the Ninth Circuit.

**STATEMENT OF RELEVANT FACTS**

On September 29, 2021, the Court granted in part and denied in part Defendants' respective motions to dismiss. The Court dismissed each of Plaintiffs' Section 11 accounting claims against "Section 11 Defendants"—meaning Bloom, officers and directors, underwriters, and PwC. As to Bloom's financial statements, the Court held that (1) Bloom's statements regarding accounting for Managed Services Agreements ("MSAs") were subject to *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 575 U.S. 175 (2015), because such accounting "appear[s] to involve complex considerations," and (2) Plaintiffs had failed to plead "facts calling into question Defendants' basis" for these statements. ECF 157 at 13–14. As to PwC, the Court held that PwC's opinions in its audit report regarding Bloom's 2016 and 2017 financial statements were also subject to *Omnicare* and that Plaintiffs "failed to plead any facts suggesting that PwC did not sincerely believe" its opinions. *Id.* at 25–26. In granting PwC's motion, the Court expressly relied in part on its reasoning in dismissing the accounting claims against the other

Section 11 defendants because "the GAAP provisions regarding sale-leaseback transactions like the MSAs are complex and may require the exercise of considerable judgment." *Id.* at 24–25.[1] In its order, the Court gave Plaintiffs 21 days to amend their complaint.

Plaintiffs elected not to amend their claim against PwC. Instead, Plaintiffs informed the Court in the Case Management Statement that they intended to seek appellate review of the Court's order as it pertained to PwC (and only to PwC). Plaintiffs also stated that they would "consent" to stay the proceedings before this Court pending an appeal and reserved the right to "request leave to amend pending the outcome on any appeal or based on facts discovered during discovery." ECF 159 at 6, 9.

Plaintiffs subsequently filed their Rule 54(b) motion seeking final judgment on the dismissed claim against PwC. Importantly, Plaintiffs do not seek judgment on their similar accounting-based claims against the other Section 11 defendants, even though the same accounting determinations underlie both sets of claims and even though Plaintiffs acknowledge that those claims are "completely dismissed against all defendants." ECF 160 at 2, 6. Plaintiffs contend that carving out the claim against PwC is warranted because (1) normal appellate review would result in prejudicial delay, and (2) "[q]uestions would also arise about PwC's ongoing status as a party in the case as the claims against it would have been dismissed as a matter of law but no judgment entered." *Id.* at 7. In the alternative, if this Court denies Plaintiffs' Rule 54(b) motion, Plaintiffs say they plan to pursue a motion to certify an interlocutory appeal.

## ARGUMENT

**I.    Rule 54(b) is the narrow exception to consolidated appellate review after all claims against all parties are resolved.**

"Finality as a condition of review is an historic characteristic of federal appellate

---

[1] The Court also dismissed Section 11 accounting claims against Bloom relating to its accounting for service contract liabilities, which were not a basis for their Section 11 claim against PwC. Additionally, the Court dismissed other, non-accounting Section 11 claims against Bloom (based on alleged misrepresentations about fuel cell life, emissions, and internal controls) and Section 10(b) claims against Bloom and individual officers. The Court denied the motions to dismiss non-accounting Section 11 claims against Bloom for alleged misrepresentations about the beginning-of-life efficiency of its latest generation energy servers and construction delays.

procedure. It was written into the first Judiciary Act and has been departed from only when observance of it would practically defeat the right to any review at all." *Cobbledick v. United States*, 309 U.S. 323, 324–25 (1940). Rule 54(b) was intended to be a narrow exception to that requirement, a counter to deal with the unexpected side effects of the expansion of joinder rules. Fed. R. Civ. P. 54 Advisory Committee Notes to 1946 Amendment; *Century Sur. Co. v. 350 W.A., LLC,* 2008 WL 2397485, at *2 (S.D. Cal. June 11, 2008). It was not, however, "meant to displace the "historic federal policy against piecemeal appeals." *Gausvik v. Perez,* 392 F.3d 1006, 1009 n.2 (9th Cir. 2004) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)). Thus, Rule 54(b) "should be used sparingly." *Id.* at 1009; *see also Gass v. Nat'l Container Corp.*, 271 F.2d 231, 233 (7th Cir. 1959) (cautioning that "54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel").

The risk of such orders becoming routine (and thus the exception swallowing the rule) is real. As courts have recognized, "partial adjudication of one of several related claims or issues" is a common, everyday occurrence in litigation. *Imamoto v. Soc. Sec. Admin.,* 2008 WL 5025005, at *2 n.1 (D. Haw. Nov. 25, 2008) (quoting *Wood v. GCC Bend, LLC,* 422 F.3d 873, 879 (9th Cir. 2005)). Accordingly, the party seeking Rule 54(b) certification bears the burden of showing that the case is an exceptional one warranting relief. *Braswell Shipyards, Inc., v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993); *Imamoto,* 2008 WL 5025005, at *2. Rule 54(b) permits a district court to "direct entry of a final judgment" on some of the claims or parties if (and only if) it expressly finds "there is no just reason for delay." Fed. R. Civ. P. 54(b).

To do so, however, the district court must first find that two fundamental requirements have been satisfied:

**First,** the district court must determine whether "it has rendered a 'final judgment.'" *Wood*, 422 F.3d at 878 (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7 (1980)). For purposes of Rule 54(b), a final judgment is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright*, 446 U.S. at 7. PwC does not dispute that this requirement is met here.

**Second**, Rule 54(b) also requires that the district court expressly determine whether there

3

is any just reason for delay. *Jewel v. NSA*, 810 F.3d 622, 627-288 (9th Cir. 2015) (quoting Fed. R. Civ. P. 54(b)). In making that determination, the court considers judicial efficiency concerns and the equities that weigh in favor and against certification. *Id.* (citing *Curtiss-Wright*, 446 U.S. at 10). Central to that determination are two issues: (1) whether the claims under review are separable from the others remaining to be adjudicated, and (2) whether the nature of the claims already determined is such that no appellate court would have to decide the same issues more than once. *Microsoft Corp. v. Motorola, Inc.*, 2013 WL 6000017, at *2 (W.D. Wash. Nov. 12, 2013) (citing *Curtiss–Wright*, 446 U.S. at 7–10), *aff'd*, 795 F.3d 1024 (9th Cir. 2015); *see AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006) (same). "A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). Moreover, in considering the equities, the court should take into account whether Rule 54(b) certification would cause delay or prejudice. *Gregorian v. Izvestia*, 871 F.2d 1515, 1519 (9th Cir. 1989). And as Plaintiffs acknowledge (ECF 160 at 8), even when a Rule 54(b) judgment would not prejudice the parties, it has to be justified by a showing of "pressing needs." *Morrison-Knudsen Co.,* 655 F.2d at 965.

## II. Plaintiffs cannot establish that this case is the unusual one in which a "seriously important reason" warrants Rule 54(b) certification.

### A. The claim that Plaintiffs seek to appeal is not separable from the others remaining to be adjudicated.

Plaintiffs' attempt to appeal their accounting-based claim against PwC (but not the other Section 11 defendants) cannot satisfy the narrow Rule 54(b) exception, because Plaintiffs reserve their rights to pursue the accounting-based claims against the other defendants in the district court. "In the multiple party situation where the complaint is dismissed as to one defendant but not others, the court should not, as a general matter, direct the entry of a final judgment pursuant to Rule 54(b) if the same or closely related issues remain to be litigated against the undismissed defendants." *Cullen v. Margiotta*, 811 F.2d 698, 710 (2d Cir. 1987), *overruled on other grounds by Agency*

*Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987).

In their Rule 54(b) motion, Plaintiffs do not deny that the accounting-based claim against PwC and the accounting-based claims against the other defendants based on Bloom's MSAs are closely related and were dismissed for similar reasons. Nor could they. In granting PwC's motion to dismiss, the Court expressly relied on its reasoning in dismissing a portion of the same claim against the other Section 11 defendants. ECF 157 at 24. These closely-related accounting claims against other undismissed defendants "remain to be litigated," *Cullen*, 811 F.2d at 710, in the Ninth Circuit on a second appeal of the dismissal as to the other defendants, and/or in the district court should Plaintiffs seek to amend their complaint later.

### B. If Rule 54(b) certification is granted, this case could go to the Ninth Circuit twice on the same issue.

Rule 54(b)'s purpose is to streamline litigation in certain narrow circumstances where the equities demand it. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797–98 (9th Cir. 1991). In this case, certification would do the opposite by permitting piecemeal appeals.

Specifically, the Court relied on *Omnicare* to dismiss claims against both Bloom and PwC. ECF 157 at 24–25. The application of *Omnicare* to the opinion statements in Bloom's financial statements that were the subject of PwC's audit report is thus "central to the determination of liability" for both PwC and the other dismissed Defendants. *See Abdo v. Fitzsimmons*, 2021 WL 3493169, at *3 (N.D. Cal. May 17, 2021). While Plaintiffs seek to appeal immediately the dismissal of the claim against PwC, they maintain the right to appeal later the dismissal of similar accounting claims against the other defendants when the litigation ends. Moreover, the prospect of two appeals exists regardless of how the Ninth Circuit rules on the PwC claim. While *Omnicare* applies to the accounting claims against Bloom and the accounting claim against PwC, those claims are based on different allegations as to each defendant and otherwise do not fully overlap. *See supra* note 1. Thus, if the Ninth Circuit were to affirm the dismissal of PwC, Plaintiffs would no doubt argue that they are still entitled to appeal the dismissal of the accounting claims against the other defendants to the Ninth Circuit. Conversely, if the Ninth Circuit were to reverse, the other defendants would no doubt argue that this Court's order dismissing the claims against them

should stand and Plaintiffs should have to appeal that dismissal to the Ninth Circuit.  Under either scenario, the Ninth Circuit would have to consider *Omnicare* issues twice—once after Rule 54(b) certification, and then again upon conclusion of the district court proceedings.  *See California v. Trump*, 2019 WL 2715421, at *6 (N.D. Cal. June 28, 2019) (noting that, unlike this case, certification was appropriate because the claims were "largely based on a distinct law").

In short, Plaintiffs' Rule 54(b) motion should be denied to ensure that these issues are not the subject of multiple appeals to the Ninth Circuit.  Those issues would be better presented for appellate review once, at the end of litigation with all relevant parties represented, than they would be in multiple appeals with only a subset of those parties participating in each appeal.  Shortcutting that well-established process carries real costs for all concerned.

### C. Rule 54(b) certification will delay this case.

Plaintiffs have failed to demonstrate exceptional need.  Rule 54(b) certification is appropriate "only where either (1) there is a seriously important reason or (2) the relief is necessary to avoid a harsh and unjust result." *Abdo*, 2021 WL 3493169, at *4 (cleaned up).  Plaintiffs have not shown either.

Between September 2019 and September 2020, the median time between notice of appeal to final order for a civil case in the Ninth Circuit was 15.3 months.  United States Courts, *U.S. Courts of Appeals—Median Time Intervals in Months for Civil and Criminal Appeals Terminated on the Merits*, Tbl. B-4A (Oct. 24, 2021).[2]  If certification is granted, this Court would have to choose between two undesirable options: (1) staying the entire litigation as to all parties pending the appeal, which would further delay a resolution; or (2) permitting the district court case to go forward, which would result in concurrent proceedings in the district and appellate court.[3]  Either choice would contravene Rule 54(b)'s purpose.  Here, certification would not "aid expeditious

---

[2] *See* https://www.uscourts.gov/sites/default/files/data_tables/jb_b4a_0930.2020.pdf.

[3] Additional delay would result under either scenario if plaintiffs in the future seek to replead a Section 11 claim against Bloom, which they reserve the right to do.  That re-pleading would grind the case to a halt because Bloom would no doubt file a motion to test the adequacy of the new pleading based on the Ninth Circuit's ruling, triggering a stay of discovery under the Private Securities Litigation Reform Act.  15 U.S.C. § 78u-4(b)(3)(B).

decision of the case"—it would hinder it. *See Texaco, Inc.*, 939 F.2d at 797 (cleaned up).

Plaintiffs counter that waiting for entry of judgment would be prejudicial because they may have to wait to litigate their claim for years. But "the hardship identified . . . scarcely seems different than that which will arise in *every* multiple party suit in which one of the defendants is dismissed but must wait the finality of its release until the liability of the remaining defendants has been determined and judgment has been entered." *Kitto*, 1989 WL 153770, at *3; *see also Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 774 (8th Cir. 2009) (denying certification because the movant "fail[ed] to distinguish [his] case from any civil action, where some, but not all, of the defendants are dismissed before trial").[4] Putting all other claims against all other defendants on hold—the only way to avoid having concurrent proceedings in the district and appellate courts—to allow a single claim against a single defendant to be reviewed and decided by the appellate court in isolation would be the proverbial tail wagging the dog.

Likewise, denying certification would not cause any "confusion" as Plaintiffs suggest. The district court's ruling was entirely straightforward. If Plaintiffs stand on their refusal to amend, there are no remaining claims against PwC in the district court (such that PwC is a non-party to the district court proceedings), but Plaintiffs retain the right to challenge the district court's order as part of a single consolidated appeal at the end of the litigation (to which PwC would be a party). That is no more confusing than any case in which a dismissal or summary judgment is granted to one defendant, but not another. Simply put, none of the reasons Plaintiffs give distinguishes their case from any other run-of-the-mill case in which some claims as to some parties are adjudicated before others. They cannot show that theirs is the sort of "infrequent harsh case" that Rule 54(b) was designed to remedy. *See Curtiss-Wright*, 446 U.S. at 9; *see also Abdo*, 2021 WL 3493169, at *4.

D.     **Other aspects of Plaintiffs' motion undercut their claim for relief.**

Plaintiffs' other statements thrice demonstrate that their motion is unwarranted. First, they

---

[4] Plaintiffs rely on *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 576 (9th Cir. 2018), but that case does not help them. There, the Ninth Circuit addressed whether the district court abused its broad discretion by concluding that Rule 54(b) was satisfied where the claims were separate, the litigation had been going on for fourteen years, and there was need for prompt payment.

suggest that if their Rule 54(b) motion is denied, they will move for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). But the criteria for those two routes for appellate review of otherwise non-final judgments are diametrically opposed. In their Rule 54(b) motion, Plaintiffs argue (as they must) that the claim on which they seek review is entirely discrete. But to warrant interlocutory appeal under Section 1292(b), Plaintiffs would have to establish that the claim is *not* discrete, but instead presents a controlling issue of law, the resolution of which would materially advance the ultimate termination of the entire litigation. The fact that Plaintiffs seek to invoke both routes suggests they cannot satisfy either.[5]

Second, Plaintiffs' statement that they would "consent" to a stay is inconsistent with the relief they seek. A stay would only be warranted if, as is in fact the case, there is overlap between the accounting claim against PwC that Plaintiffs seek to appeal and the claims against Bloom that they do not seek to appeal at this time. Of course, as the Court noted, there is such overlap (ECF 157 at 24–25), and it therefore would be inefficient to proceed in both the district court and the court of appeals. That undercuts the very premise of their Rule 54(b) motion, which should only be granted if it will aid "expeditious decision" of the case. *Century Sur. Co.*, 2008 WL 2397485, at *2 (cleaned up).

Third, Plaintiffs have declined the Court's invitation to amend their complaint now, including on the accounting claims against the non-PwC defendants, and they justify their Rule 54(b) request by claiming that the accounting claims against the other defendants have been "completely dismissed." ECF 160 at 2, 6. But at the same time, they purport to "reserve their rights to request leave to amend [later] pending the outcome of any appeal or based on facts obtained during discovery." ECF 159 at 9. Plaintiffs' attempt to "have their cake and eat it too" runs afoul of Rule 54(b).[6]

---

[5] The Court should not permit an interlocutory appeal under 28 U.S.C. § 1292(b) for the same reasons it should deny the instant motion. "One of the principal reasons a Court of Appeals will exercise its discretion not to grant applications under section 1292(b) is the likelihood or probability of the appellate court's having to issue multiple opinions on the same or closely related issues of law or fact in the case." *Morrison-Knudsen Co.*, 655 F.2d at 966.

[6] Plaintiffs' effort to have it both ways undercuts their attempt to distinguish *Abdo*, 2021 WL 3493169, at *3, in which the court denied a Rule 54(b) motion because the court had resolved a California Corporations Code Section 25504 claim against one defendant but not others. As noted

8

# CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' Rule 54(b) motion.

Date: November 5, 2021	By: */s/ Lisa R. Bugni*
Lisa R. Bugni (SBN 323962)
lbugni@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, California 94111
Telephone: 415-318-1234

James P. Cusick (admitted *pro hac vice*)
jcusick@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
Telephone: 212-556-2100

Kenneth Y. Turnbull (admitted *pro hac vice*)
kturnbull@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, 2nd Floor
Washington, D.C. 20006
Telephone: 202-737-0500

*Attorneys for PricewaterhouseCoopers LLP*

---

above, the claims here are not "completely" resolved, given Plaintiffs' reservation to re-assert them.

9