United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EVERETT HUNT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BLOOM ENERGY CORPORATION, et al.,<br><br>Defendants. | Case No. 19-cv-02935-HSG<br><br>**ORDER DENYING MOTION FOR ENTRY OF JUDGMENT**<br><br>Re: Dkt. Nos. 160, 165 |

Pending before the Court is Plaintiffs' motion for entry of judgment against Defendant PricewaterhouseCoopers LLP ("PwC"). Dkt. No. 160. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. See Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion.

I.   **BACKGROUND**

The parties are familiar with the facts of this case, and the Court only briefly summarizes them here as relevant to the pending motion for entry of judgment. In his second amended complaint, Lead Plaintiff James Everett Hunt and additional plaintiffs asserted violations of the federal securities laws under Sections 11 and 15 of the Securities Act of 1933; Sections 10(b) and 20(a) of the Securities Exchange Act of 1934; and SEC Rule 10b-5 against Bloom Energy Corporation and certain of its top officials (collectively, "Defendants"). See Dkt. No. 113 ("SAC") at ¶ 1. As relevant here, Plaintiffs challenged several statements in Bloom's Registration Statement under Section 11, including what Plaintiffs considered improper accounting under Generally Accepted Accounting Principles ("GAAP") for loss contingencies and revenue relating to Bloom's Energy Servers. See id. at ¶¶ 63–74. Defendants brought three motions to dismiss the

second amended complaint. The Section 11 Defendants[1] brought a motion to dismiss the Section 11 claims, as well as the Section 15 "controlling persons" claims. Dkt. No. 130. PwC, Bloom's independent auditor, brought its own motion to dismiss the Section 11 claims. Dkt. No. 127. And the Section 10(b) Defendants[2] brought a motion to dismiss the Section 10(b) claims. Dkt. No. 129.

On September 29, 2021, the Court granted in part and denied in part the motions to dismiss. *See* Dkt. No. 157. The Court dismissed all the claims against PwC as well as the related accounting-based claims alleged against the other Defendants. *See id.* The Court held, *inter alia*, that (1) Bloom's statements regarding accounting for contingent liabilities and Managed Services Agreements were subject to *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 575 U.S. 175 (2015); and (2) Plaintiffs had failed to plead "facts calling into question Defendants' basis" for these statements. Dkt. No. 157 at 8–14. As to PwC, the Court further held that PwC's opinions in its audit report regarding Bloom's 2016 and 2017 financial statements were also subject to *Omnicare*, and that Plaintiffs "failed to plead any facts suggesting that PwC did not sincerely believe" its opinions in the audit report. *Id.* at 22–26. The Court did not, however, dismiss Plaintiffs' Section 11 claims against the other Section 11 Defendants regarding alleged misrepresentations about the efficiency and emissions of Bloom's Energy Servers and construction delays. *See id.* at 20–21.

The Court granted Plaintiffs leave to amend within 21 days of the date of the order. *See id.* at 34. However, Plaintiffs did not amend within this timeframe. Rather, they indicated in their case management statement that they could not "plead additional facts regarding the dismissed claims to meet the standard for pleading claims under the Securities Act and Exchange Act as required by the Court in its Order," and therefore concluded that "further amendment and additional briefing on a motion to dismiss would be futile." *See* Dkt. No. 159 at 3. Instead,

---

[1] The Section 11 Defendants include Bloom Energy Corporation, nine of Bloom's current and former officers and directors, and the ten underwriters of Bloom's initial public offering. *See* Dkt. No. 130.
[2] The Section 10(b) Defendants include Bloom Energy Corporation, Bloom's CEO KR Sridhar, and Bloom's former CFO Randy Furr. *See* Dkt. No. 129.

Plaintiffs seek entry of judgment as to PwC under Federal Rule of Civil Procedure 54(b). Dkt. No. 160. Plaintiffs further indicate that if the Court denies this motion, they intend to seek an interlocutory appeal under 28 U.S.C. § 1292(b). *See id.* at 7, n.2.

## II. LEGAL STANDARD

Appellate courts generally only have jurisdiction to hear appeals from final orders. *See* 28 U.S.C. § 1291. Rule 54(b) allows for a narrow exception to this final judgment rule, permitting courts to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Entry of judgment under Rule 54(b) thus requires: (1) a final judgment; and (2) a determination that there is no just reason for delay of entry. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980)).

## III. DISCUSSION

Here, the parties appear to agree that the Court rendered a final judgment as to the claims against PwC. *See* Dkt. No. 163 at 3. Therefore, the only question before the Court is whether there is any just reason for delay.

As the Ninth Circuit has explained, "[j]udgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). Accordingly, an explanation of findings "should include a determination whether, upon any review of the judgment entered under the rule, the appellate court will be required to address legal or factual issues that are similar to those contained in the claims still pending before the trial court." *Id.* at 965. "The greater the overlap the greater the chance that [the Court of Appeals] will have to revisit the same facts—spun only slightly differently—in a successive appeal." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 882 (9th Cir. 2005). "[P]lainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely." *Id.* at 879 (quotation omitted).

In their initial motion, Plaintiffs only sought entry of judgment as to PwC. *See* Dkt. No.

160. They did not seek judgment on their accounting-based claims against any of the other Defendants. *See id.* at 2, 5–6. Plaintiffs nevertheless urged that entering judgment as to PwC would not lead to piecemeal appeals because "the accounting claims under review are separable from the other[] construction delays and life efficiency [claims] remaining to be adjudicated." *Id.* at 6 (quotation omitted). Plaintiffs have not, however, completely waived their right to amend the accounting-based claims against the other Defendants. *See* Dkt. No. 159 at 9. In their case management statement, Plaintiffs still purport to "reserve their rights to request leave to amend [later] pending the outcome of any appeal or based on facts obtained during discovery." Dkt. No. 159 at 9. Plaintiffs therefore endeavor to appeal the Court's order as to PwC and use a favorable ruling as a basis to amend the claims against the other remaining Defendants. *See id.* Such tactics would all but guarantee piecemeal appeals of the same legal and factual issues. The Court finds that no one's interests are served by such inefficiency.

Perhaps recognizing these concerns, Plaintiffs changed tactics in their reply brief. They now suggest that the Court could enter judgment as to *all* Defendants regarding the accounting-based claims. *See* Dkt. No. 166. The Court does not credit arguments raised for the first time in reply. In any event, the Court is not persuaded that entering judgment under Rule 54(b) would be warranted even if it applied to all accounting-based claims. As the Ninth Circuit has explained, judgments under Rule 54(b) are "reserved for the unusual case . . . ." *Morrison-Knudsen Co.*, 655 F.2d at 965. Yet the circumstances of this case—in which some securities claims, but not all, have survived a motion to dismiss—are quite routine. *See Abdo v. Fitzsimmons*, No. 17-CV-00851-TSH, 2021 WL 3493169, at *4 (N.D. Cal. May 17, 2021) (noting that "[a]lthough motions for summary judgment are commonly granted in part and denied in part as a case proceeds to trial, granting a request for Rule 54(b) certification in ordinary situations is not – and according to the Ninth Circuit should not become – routine").

Plaintiffs also have not adequately explained why the equities in this case warrant entering judgment under Rule 54(b). *See Curtiss-Wright Corp.*, 446 U.S. at 8 ("[A] district court must take into account judicial administrative interests as well as the equities involved."). Plaintiffs simply assert that "[i]t would be highly prejudicial to both Plaintiffs and PwC to potentially have to

4

1  commence litigating the claims against PwC arising from a transaction that took place in 2018,
2  several years from now." *See* Dkt. No. 160 at 7.  As an initial matter, PwC opposes the motion for
3  entry of judgment, and therefore does not appear to believe it will be prejudiced by the delay. *See*
4  Dkt. No. 163.  As to Plaintiffs' own hardship, they explain that "[t]here would be obvious
5  detrimental effects on discovery and the availability of witnesses and evidence." *See id.*  In short,
6  Plaintiffs are concerned about the passage of time before they may appeal the Court's order on the
7  accounting-based claims.  But again, such delay arises in every case in which some but not all
8  claims are dismissed before trial.  And judgment under Rule 54(b) would not necessarily alleviate
9  the prejudice from delay because the appellate process itself takes time.  In the interim, the Court
10 would either have to stay this case and the remaining claims, or proceed with the knowledge that
11 Plaintiffs intend to expand the scope of the issues if successful on appeal.  Having considered the
12 specific circumstances of this case, the Court finds that the equities do not weigh in favor of
13 entering judgment.  The Court understands that Plaintiffs disagree with the Court's ruling on the
14 motions to dismiss, and Plaintiffs will have the opportunity to raise their arguments before the
15 Ninth Circuit at the conclusion of this case.

**IV.   CONCLUSION**

Accordingly, the Court **DENIES** the motion.  The Court further **CONTINUES** the telephonic case management conference to December 14, 2021, at 2:00 p.m.  All counsel shall use the following dial-in information to access the call:

Dial-In:  888-808-6929;

Passcode:  6064255

For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.  The joint case management statement is due December 7, 2021.

The Court understands that Plaintiffs may intend to seek an interlocutory appeal under 28 U.S.C. § 1292(b).  *See* Dkt. No. 160 at 7, n.2.  Plaintiffs are of course free to do so.  However, the Court does not intend to stay this case while Plaintiffs confirm their appellate strategy or seek an interlocutory appeal.  The parties should therefore be prepared to discuss how to move this case

forward expeditiously, especially given the narrowed set of claims and issues remaining.  This order terminates Dkt. No. 165.

**IT IS SO ORDERED.**

Dated: 12/1/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge