1  **LEVI & KORSINSKY, LLP**
   Adam M. Apton (SBN 316506)
2  Adam C. McCall (SBN 302130)
   75 Broadway, Suite 202
3  San Francisco, CA 94111
   Telephone: (415) 373-1671
4  Email: aapton@zlk.com
   Email: amccall@zlk.com
5
6  *Lead Counsel for Plaintiffs and the Class*

7  [Additional Counsel on Signature Page]

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

12 | ELISSA M. ROBERTS, Individually and on ) | CASE NO.: 4:19-cv-02935-HSG
   | Behalf of All Others Similarly Situated,     ) |
13 |                                              ) | **PLAINTIFFS' NOTICE OF MOTION**
   |                           Plaintiff,         ) | **AND MOTION TO CERTIFY ORDER**
14 |                                              ) | **FOR INTERLOCUTORY APPEAL**
   | vs.                                          ) | **PURSUANT TO 28 U.S.C. § 1292(B);**
15 |                                              ) | **MEMORANDUM OF POINTS AND**
   | BLOOM ENERGY CORPORATION, et al.,            ) | **AUTHORITIES IN SUPPORT**
16 |                                              ) | **THEREOF**
   |                           Defendants.        ) |
17 |                                              ) |
   |                                              ) |
18 |                                              ) | Date:       April 14, 2022
   |                                              ) | Time:       2:00 p.m.
19 |                                              ) | Courtroom:  2 – 4th Floor, Oakland
   |                                              ) | Judge:      Hon. Haywood S. Gilliam, Jr.
20 |                                              ) |
   |                                              ) |
21

# NOTICE OF MOTION AND MOTION FOR ENTRY TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B)

## TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that on April 14, 2022, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, Courtroom 2, Fourth Floor, Ronald V. Dellums Federal Building, 1301 Clay Street, Oakland, California, 94612, Lead Plaintiff James Everett Hunt and additional plaintiffs Juan Rodriguez, Kurt Voutaz, Scott Kline, Joel White, Andrew Austin, and Ryan Fishman (collectively, "Plaintiffs") will and hereby do bring this motion pursuant to 28 U.S.C. section 1292(b) for an order certifying an immediate interlocutory appeal from this Court's September 29, 2021 order granting in part and denying in part Defendants' motions to dismiss (ECF No. 157) (the "Order"). This Motion is based on this Notice and the supporting Memorandum of Points and Authorities, filed concurrently herewith, the complete files and records in this action, and any additional material and arguments as may be considered in connection with the hearing on the Motion.

Plaintiffs seek certification for an interlocutory appeal of this Court's ruling in the Order that Plaintiffs have failed adequately pleaded a material representation of the accounting claims under Sections 11 and 12(a)(2) of the Securities Act of 1933 (the "Securities Act") because Bloom Energy Corporation's revenue, net loss, net loss per share, and loss contingencies were statements of opinion under *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 575 U.S. 175 (2015), and a restatement of Bloom Energy's financials did not show that the statements were false. Order at 10-14. Certification of this ruling for an interlocutory appeal is appropriate because (i) it involves "controlling question[s] of law"; (ii) "there is substantial ground for difference of opinion"; and (iii) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

# **TABLE OF CONTENTS**

I.    STATEMENT OF ISSUES TO BE DECIDED ................................................................. 1

II.   INTRODUCTION .......................................................................................................... 1

III.  PROCEDURAL HISTORY AND STATEMENT OF RELEVANT FACTS ................... 2

IV.  STANDARD OF LAW ................................................................................................... 4

V.   ARGUMENT .................................................................................................................. 4

    A.   Whether a Restatement is Sufficient to Plead Falsity Under Rule 8, and Whether a Company's Revenue is a Statement of Opinion are Controlling Questions of Law. ........................................................................................... 4

    B.   There is Substantial Ground for Difference of Opinion Whether a Restatement is Sufficient to Plead Falsity Under Rule 8, and Whether a Company's Revenue and Audit Reports are Statements of Opinion. ................... 5

    C.   Certifying Plaintiffs' Questions Would Materially Advance Termination of the Litigation. ................................................................................................. 6

VI.  CONCLUSION ............................................................................................................... 8

Lead Plaintiff James Everett Hunt and additional plaintiffs Juan Rodriguez, Kurt Voutaz, Scott Kline, Joel White, Andrew Austin, and Ryan Fishman (collectively, "Plaintiffs"), move this Court pursuant to 28 U.S.C. § 1292(b) certifying an immediate interlocutory appeal from this Court's September 29, 2021 order granting in part and denying in part Defendants' motions to dismiss (ECF No. 157).

## I.   STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should certify the following question for interlocutory appeal:

Whether reported revenue and liabilities contained in an issuer's historical financial statements included in a Registration Statement constitute actionable statements of fact against the issuer and its auditor pursuant to Section 11 of the Securities Act of 1933, 15 U.S.C. §77k.

## II.   INTRODUCTION

In their Second Amended Class Action Complaint ("Complaint"), Plaintiffs alleged, in pertinent part, claims under Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k, against the Bloom Energy, Corp. nine of its officers and directors, the ten underwriters of Bloom Energy's initial public offering and its auditor, PricewaterhouseCoopers, LLP, based on misrepresentations made in Bloom Energy's Registration Statement filed in connection with its initial public offering on July 25, 2018. Specifically, Plaintiffs alleged that the financial statements contained in the Registration Statement misrepresented Bloom Energy's revenue, net loss, and net loss per share and failed to properly reflect or disclose loss contingencies relating to its Energy Servers. Plaintiffs allege that these statements were false in part because Bloom Energy later restated these financial statements to correct errors contained in them.

Plaintiffs also alleged claims under Section 11 against Bloom Energy, its officers and directors, and the IPO underwriters based on other alleged misrepresentations in the Registration Statement regarding construction delays and the efficiency of its Energy Servers. By its Order dated September 29, 2021, the Court dismissed all the claims against PwC as well as the related accounting-based claims alleged against the other Defendants. In pertinent part, the Court dismissed the accounting claims because it held that Bloom Energy's revenue, net loss, net loss

per share, and loss contingencies were statements of opinion rather than statements of fact and, accordingly, Plaintiffs failed to adequately allege falsity of opinion statements under *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 575 U.S. 175 (2015). *See* 9/29/21 Order at 9-14 (ECF No. 157; *Hunt v. Bloom Energy Corp.*, No. 19-CV-02935-HSG, 2021 WL 4461171 (N.D. Cal. Sept. 29, 2021)). The Court denied the motions to dismiss some of the other claims alleged against the other Defendants arising from construction delays and the efficiency of Bloom Energy's Energy Servers.

Plaintiffs now request the Court certify pursuant to 28 U.S.C. § 1292(b) an immediate interlocutory appeal from the Order relating to the Section 11 accounting claims. Certification of this ruling for an interlocutory appeal is appropriate because (i) it involves "controlling question[s] of law"; (ii) "there is substantial ground for difference of opinion"; and (iii) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Accordingly, Plaintiffs' motion should be granted.

### III. PROCEDURAL HISTORY AND STATEMENT OF RELEVANT FACTS

On May 28, 2019, an initial complaint was filed by Elissa M. Roberts on behalf of certain purchasers of Bloom Energy common stock pursuant or traceable to the Form S-1 Registration Statement and Prospectus against Bloom Energy other Defendants, alleging claims under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"). ECF No. 1. On September 3, 2019, Judge William H. Orrick issued an order, appointing James Everett Hunt as Lead Plaintiff and Levi & Korsinsky, LLP as Lead Counsel in the Consolidated Action. ECF No. 39.

On April 21, 2020, Plaintiffs filed the Second Amended Class Action Complaint. (ECF No. 113.) This Complaint asserts claims under the Securities Act against Bloom Energy, nine officers and directors, and ten underwriters of Bloom's IPO and PwC, and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. 15 U.S.C. § 78j, (the "Exchange Act"), and SEC Rule 10b-5, 17 C.F.R. 140.10b-5, promulgated thereunder, against Bloom Energy, Bloom's CEO KR Sridhar, and Bloom's former CFO Randy Furr on behalf of all persons and entities who purchased or otherwise acquired shares of Bloom Energy common stock: (i) in Bloom Energy's IPO on July 25, 2018; and/or (ii) on the public market between July 25, 2018 and February 12, 2020, inclusive.

In pertinent part, the Complaint alleges that Bloom Energy's Registration Statement for its IPO: i) improperly accounted for loss contingencies relating to its Energy Servers; ii) improperly accounted for revenue; iii) failed to review weaknesses in its internal controls; iv) misrepresented the life cycle of its fuel cells; v) misled investors as to construction delays affecting its business; and vi) misrepresented the efficiency and pollution output of its Energy Servers. ECF No. 113, ¶3. As Bloom Energy's auditor, the Complaint alleged that PwC was liable under Section 11 of the Securities Act for the misrepresentations contained in Bloom Energy's financial statements. *Id*. ¶115-117. In part, Plaintiffs alleged that Bloom Energy's financial statements in its Registration Statement were materially false and misleading, as shown by Bloom Energy's subsequent restatement of those financial statements. *Id*. ¶89.

On July 1, 2020, Defendants filed three motions to dismiss the Complaint, and a motion to strike the Complaint. ECF Nos. 127-130. On March 23, 2021, the Court denied Defendants' motion to strike the Complaint. ECF No. 155. On September 29, 2021, the Court entered an order granting in part and denying in part the motions to dismiss. ECF No. 157 (*Hunt v. Bloom Energy Corp.*, No. 19-CV-02935-HSG, 2021 WL 4461171 (N.D. Cal. Sept. 29, 2021)). The Court: (1) granted PwC's motion to dismiss all the claims against it; and (2) granted in part and denied in part the other Defendants' motion to dismiss claims under Section 11.[1]

In pertinent part, this Court dismissed the accounting allegations against all Defendants because it found that Bloom Energy's loss contingencies, "statements of total revenue, net loss, and net loss per share" are statements of opinion because they "may require the exercise of judgment." *Hunt*, 2021 WL 4461171, at *5, 7. Similarly, the Court found that "the *Omnicare* framework applies to PwC's statements in its audit report and the 2017 financial statements." *Id.* at *15. In addition, the Court held that a restatement of a company's financials does not establish that those financial statements are false. *Id.* at *8.

---

[1] The Court also dismissed the claims alleged under the Exchange Act. *Hunt*, 2021 WL 4461171, at *20.

Accordingly, as the complaint currently stands, the sole remaining misrepresentations relate to (i) construction delays; and (ii) the beginning-of-life efficiency of the Energy Servers. *Id.* at *20. PwC and all accounting claims have been entirely dismissed from the action. *Id*.

## IV.   STANDARD OF LAW

Certification of a non-final order for interlocutory appeal is appropriate where (i) an "order involves a controlling question of law"; (ii) "there is substantial ground for difference of opinion"; and (iii) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 687-88 (9th Cir. 2011) (taking interlocutory appeal from order on motion to dismiss). These requirements are met here.

## V.   ARGUMENT

### A.   Whether Reported Revenue and Liabilities Contained in an Issuer's Historical Financial Statements Constitute Actionable Statements of Fact is a Controlling Question of Law.

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). Whether an alleged misrepresentation is actionable as a false statement of fact under Rule 8 in a Section 11 case is a controlling question of law. This is especially true where the alleged misrepresentation is report amount of revenue in a historical financial statement that has subsequently been restated as erroneous. Indeed, Plaintiffs argued in their opposition to Defendants' motion to dismiss that "the fact that Bloom decided to revise and restate its financial statements as evidence that Bloom's treatment of the MSAs [and related recognition of revenue] was 'objectively incorrect.'" *Hunt*, 2021 WL 4461171, at *8. However, the Court rejected this argument in granting Defendants' motions. *Id*. If the Ninth Circuit resolves this issue in Plaintiffs' favor, it would have a material effect on the outcome of the litigation as the accounting claims would then be actionable.

Similarly, whether a company's financial statements and related auditor's report are opinion statements and, therefore, only actionable under Section 11 of the Securities Act if they

meet the *Omnicare* standard for falsity could materially affect the outcome of litigation in the district court. Indeed, in this case, the Court dismissed Plaintiffs' accounting allegations because they failed to meet the *Omnicare* standards. *Hunt*, 2021 WL 4461171, at *8. As these issues could materially affect the outcome of the litigation, there is no question they are "controlling." *See Cunha v. Hansen Nat. Corp.*, No. EDCV 08-1249-GW(JCX), 2012 WL 12886194, at *6 (C.D. Cal. Oct. 22, 2012) ("questions [that] go to whether Lead Plaintiff has stated a claim . . . [are] material to the outcome of this case.").

### B. There is Substantial Ground for Difference of Opinion Whether Reported Revenue and Liabilities Contained in an Issuer's Historical Financial Statements Constitute Actionable Statements of Fact.

A substantial ground for difference of opinion exists where the "appeal involves an issue over which reasonable judges might differ and such uncertainty provides a credible basis for a difference of opinion on the issue." *Reese*, 643 F.3d at 688(citations omitted). "A substantial ground for difference of opinion exists where reasonable jurists **might** disagree on an issue's resolution, not merely where they have already disagreed. Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Id.* at 688 (emphasis added). Plaintiffs' motion meets this standard.

Many courts have consistently held that misstatements contained in a company's historical financial statements constitute actionable misrepresentations of fact. For example, the Ninth Circuit in *In re Worlds of Wonder Securities. Litigation* stated: "[A] company that 'substantially overstates its revenues by reporting consignment transactions as sales . . . makes false or misleading statements of material fact.'" 35 F.3d 1407, 1418 (9th Cir.1994) (*citing Malone v. Microdyne Corp.,* 26 F.3d 471, 478 (4th Cir.1994) and alteration in original); *see also In re Software Toolworks Inc.*, 50 F.3d 615, 626 (9th Cir. 1994) (reversing summary judgment on Section 11 claim based on misrepresentation of revenue in financial statements); ."); *In re Silver Wheaton Corp. Sec. Litig.*, 2016 WL 3226004, at *9 (C.D. Cal. June 6, 2016) (defendants SEC filings that did not comply with GAAP "contained false and misleading information"); *In re*

1  *Montage Tech. Grp. Ltd. Sec. Litig.*, 78 F. Supp. 3d 1215, 1224 (N.D. Cal. 2015) ("Financial
2  statements filed with the SEC which are not consistent with GAAP are presumed misleading.");
3  *S.E.C. v. Yuen*, 2006 WL 1390828, at *41 (C.D. Cal. Mar. 16, 2006) ("a financial statement that
4  is not prepared in accordance with GAAP is presumptively misleading or inaccurate").

5        Plaintiffs further argued in their opposition to Defendants' motions to dismiss that because
6  Bloom Energy's accounting was in violation of GAAP, their statements are ***presumed*** misleading.
7  *See* 17 C.F.R. § 210.4-01(a)(1) ("[f]inancial statements filed with the [SEC] which are not prepared
8  in accordance with [GAAP] will be presumed to be misleading or inaccurate  However, this Court
9  disagreed, indicating that Plaintiffs failed to cite a case directly on point. *See Hunt*, 2021 WL
10 4461171, at *8 ("Plaintiffs do not cite any case law supporting their theory that a restatement alone
11 can establish that a statement is one of fact). Therefore, as reasonable judges ***might*** differ in their
12 opinion, this element is met.

13       Similarly, this Court noted that "the parties disagree on whether the audit report and the
14 financial statements are opinions subject to *Omnicare*. Neither party cites to any Ninth Circuit
15 authority resolving this issue. Instead, the parties note that there is a split in authority regarding
16 whether such material should be considered opinion." *Id.* at *13. As this Court noted, it
17 "respectfully disagrees" with the Court in *Special Situations Fund III QP, L.P. v. Marrone Bio*
18 *Innovations, Inc.*, 243 F. Supp. 3d 1109, 1116–118 (E.D. Cal. 2017), which explicitly rejected the
19 application of *Omnicare* to auditors. *Hunt*, 2021 WL 4461171, at *13. In addition, the Ninth
20 Circuit in *Worlds of Wonder* upheld claims against auditors based on misrepresentations contained
21 in audited financial statements. 35 F.3d 1407, 1421 (9th Cir. 1994) (affirming summary judgment
22 on Section 11 claims based on misstatements in financial statements for every non-corporate
23 defendant *except* auditors because "the audited 1987 financial statements were 'certified' by
24 Deloitte within the meaning of section 11"). As reasonable "judges might differ" and in fact did
25 differ in this case, there is substantial ground for difference of opinion.

26     **C.**    **Certifying Plaintiffs' Question Would Materially Advance Termination of the**
27         **Litigation.**
28       "[N]either § 1292(b)'s literal text nor controlling precedent requires that the interlocutory

appeal have a final, dispositive effect on the litigation, only that it 'may materially advance' the litigation." *Reese*, 643 F.3d at 688 (quoting 28 U.S.C. § 1292(b)). On the one hand, if this Court were to grant Plaintiffs' 28 U.S.C. § 1292(b) motion, Plaintiffs can immediately appeal the accounting issues dismissed by the Court. If on appeal this Court's decision is affirmed, then the accounting claims will be forever dismissed from the action. On the other hand, without certification, the accounting issues would remain subject to potential reversal for years while the remaining claims are litigated. It would be highly prejudicial to both Plaintiffs and Defendants to potentially have to commence litigating the claims against Defendants for accounting violations arising from a transaction that took place in 2018, several years from now if revived by a subsequent appeal. There would be obvious detrimental effects on discovery and the availability of witnesses and evidence. *See Pharm. Research & Mfrs. v. David*, No. 2:17-cv-02573-MCE-KJN, 2021 U.S. Dist. LEXIS 113995, at *2-3 (E.D. Cal. June 16, 2021) (where a case "is still in its infancy (e.g., no discovery has been conducted and no trial is set)" an appeal would advance the case). Questions would also arise about PwC's ongoing status as a party in the case as the claims against it would have been dismissed as a matter of law, but no judgment entered and no appeal certified. This prejudice and confusion can be avoided by granting Plaintiffs' motion for interlocutory appeal now which would, pending the outcome on appeal, (a) confirm what Defendants are still a party to this litigation; and (b) what claims are still in this litigation. This is sufficient to show that an appeal would "advance the interests" of the litigation. *See Aisha Bowen, et al. v. Target Corp., et al.*, No. CV162587-JGB (MRWx), 2021 WL 4860689, at *3 (C.D. Cal. Sept. 17, 2021) ("The Court finds that interlocutory appeal on this question at this juncture would be more efficient than a post-verdict appeal and thus will ultimately advance the interests of this litigation."); *Su v. Siemens Indus., Inc.*, No. 12-CV-03743-JST, 2014 WL 4775163, at *3 (N.D. Cal. Sept. 22, 2014) ("It would not be an efficient use of judicial resources to . . . have to return to those issues again after trial. Interlocutory appeal of these issues would materially advance the litigation."); *Rollins v. Dignity Health*, No. 13-CV-01450-TEH, 2014 WL 6693891, at *4 (N.D. Cal. Nov. 26, 2014) (Granting interlocutory appeal because "[i]f the Ninth Circuit reverses, the parties can turn to these issues sooner rather than later. And if the Court of Appeals affirms, the

case can proceed on the relatively few issues that remain with greater certainty. Such certainty could even encourage a negotiated settlement, which would not just materially but completely advance the termination of this litigation.").

Indeed, the refusal to grant Plaintiffs' motion would likely result in complications to settlement negotiations, as Plaintiffs will seek to "carve out" their right to appeal the accounting claims, while Defendants would likely require any settlement to include the accounting claims. Accordingly, by allowing these issues to be determined now, it would encourage settlement negotiations.

## VI.   CONCLUSION

As shown above, the requirements set forth in 28 U.S.C. § 1292(b) are met. Therefore, Plaintiffs' motion should be granted in its entirety.

Respectfully,

Dated:  December 17, 2021

LEVI & KORSINSKY, LLP

By:  *Adam M. Apton*
Adam M. Apton (316506)
Adam C. McCall (302130)
75 Broadway, Suite 202
San Francisco, CA 94111
Telephone:  (415) 373-1671
aapton@zlk.com
amccall@zlk.com

Nicholas Ian Porritt (admitted *Pro Hac Vice*)
LEVI & KORSINSKY, LLP
1101 30th Street NW Suite 115
Washington, DC 20007
Telephone: (202) 524-4290
nporritt@zlk.com

*Lead Counsel for Plaintiffs and the Class*

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
Danielle Smith (291237)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710

Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
danielles@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Additional Counsel for Plaintiffs and the Class*