1  Lisa R. Bugni (SBN 323962)
   lbugni@kslaw.com
2  KING & SPALDING LLP
   50 California Street, Suite 3300
3  San Francisco, CA 94111
   Telephone: 415-318-1234
4
   Kenneth Y. Turnbull (admitted *pro hac vice*)
5  kturnbull@kslaw.com
   KING & SPALDING LLP
6  1700 Pennsylvania Avenue, NW, 2nd Floor
   Washington, D.C. 20006
7  Telephone: 202-737-0500

8  *Attorneys for Defendant*
   *PricewaterhouseCoopers LLP*
9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12

13  | | |
    |---|---|
14  | ELISSA M. ROBERTS, Individually and on Behalf of All Others Similarly Situated, | Lead Case No. 4:19-cv-02935-HSG |
15  | Plaintiff, | <u>CLASS ACTION</u> |
16  | vs. | **DEFENDANT PRICEWATERHOUSECOOPERS LLP'S OPPOSITION TO PLAINTIFFS' 1292(B) MOTION** |
17  | BLOOM ENERGY CORPORATION, *et al.*, | |
18  | Defendants. | Honorable Haywood S. Gilliam, Jr. Hearing Date:  April 14, 2022 |
19  | | Hearing Time:  2:00 p.m. Place: Courtroom 2, 4th Floor |
20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................... 1

STATEMENT OF RELEVANT FACTS ................................................................................... 2

    A.    Plaintiffs' Claims ................................................................................................ 2

    B.    The Court's Order .............................................................................................. 3

    C.    Plaintiffs' Response to the Court's Order ......................................................... 3

LEGAL STANDARD ................................................................................................................ 4

ARGUMENT ............................................................................................................................. 4

I.      Plaintiffs do not present a controlling question of law. ................................................ 4

II.    There is no substantial ground for difference of opinion as to the Court's Order. ................................................................................................................................ 7

III.   An interlocutory appeal would not materially advance the litigation. ........................ 9

CONCLUSION ........................................................................................................................ 11

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Federal Cases**

4

*Allen v. ConAgra Foods, Inc.*,

5

   2019 WL 1466889 (N.D. Cal. Feb. 6, 2019) ........................................................5–6

6

*Bowen v. Target Corp.*,

   2021 WL 4860689 (C.D. Cal. Sept. 17, 2021) ....................................................10

7

*Brown v. Mesirow Stein Real Est., Inc.*,

8

   7 F. Supp. 2d 1004 (N.D. Ill. 1998) ....................................................................8

9

*Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*,

10

   368 F.3d 86 (2d Cir. 2004) ..................................................................................6

11

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,

   856 F.3d 605 (9th Cir. 2017) ........................................................................ *passim*

12

*Couch v. Telescope Inc.*,

13

   611 F.3d 629 (9th Cir. 2010) ...........................................................................4, 7

14

*Cunha v. Hansen Natural Corp.*,

15

   2012 WL 12886194 (N.D. Cal. Oct. 22, 2012).................................................6–7

16

*Fortyune v. City of Lomita*,

   766 F.3d 1098 (9th Cir. 2014) ...........................................................................7

17

*Heaton v. Soc. Fin., Inc.*,

18

   2016 WL 232433 (N.D. Cal. Jan. 20, 2016) ...............................................1, 4, 10

19

*Hunt v. Bloom Energy Corp.*,

20

   2021 WL 4461171 (N.D. Cal. Sept. 29, 2021) ............................................. *passim*

21

*In re AmTrust Fin. Servs., Inc. Sec. Litig.*,

   2019 WL 4257110 (S.D.N.Y. Sept. 9, 2019)....................................................5, 8

22

*In re Cement Antitrust Litig.*,

23

   673 F.2d 1020 (9th Cir. 1981) .......................................................................4–5, 7

24

*In re Velti PLC Sec. Litig.*,

   2015 WL 5736589 (N.D. Cal. Oct. 1, 2015)......................................................9

25

*In re Worlds of Wonder Sec. Litig,*,

26

   35 F.3d 1407 (9th Cir. 1994) ...........................................................................8–9

27

*James v. Price Stern Sloan, Inc.*,

28

   283 F.3d 1064 (9th Cir. 2002) ...........................................................................4

ii

*Johnson v. CBD Energy Ltd.*,
    2016 WL 3654657 (S.D. Tex. July 6, 2016)...............................................................9

*Kirkland & Ellis v. CMI Corp.*,
    1996 WL 674072 (N.D. Ill. Nov. 19, 1996) ..............................................................10

*Mamani v. Berzain*,
    825 F.3d 1304 (11th Cir. 2016) ........................................................................4–5, 6

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pen. Fund*,
    575 U.S. 175 (2015).................................................................................... *passim*

*Orson, Inc. v. Miramax Film Corp.*,
    867 F. Supp. 319 (E.D. Pa. Nov. 15, 1994) .............................................................10

*Pharm. Rsch. & Mfrs. v. David*,
    2021 WL 2476861 (E.D. Cal. June 17, 2021) .........................................................10

*Querub v. Moore Stephens Hong Kong*,
    649 F. App'x 55 (2d Cir. 2016) ...............................................................................9

*Reese v. BP Exploration (Alaska) Inc.*,
    643 F.3d 681 (9th Cir. 2011) ....................................................................................7

*Rollins v. Dignity Health*,
    2014 WL 6693891 (N.D. Cal. Nov. 26, 2014) .........................................................10

*Ryan, Beck & Co., LLC v. Fakih*,
    275 F. Supp. 2d 393 (E.D.N.Y. 2003) .......................................................................9

*Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*,
    2015 WL 3833849 (M.D. Pa. June 22, 2015) ...........................................................9

*Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc.*,
    243 F. Supp. 3d 1109 (E.D. Cal. 2017)......................................................................9

*Stiner v. Brookdale Sr. Living, Inc.*,
    383 F. Supp. 3d 949 (N.D. Cal. 2019) ...........................................................4, 7, 10

*United States v. Sterling Centrecorp, Inc.*,
    2014 WL 12917305 (E.D. Cal. Feb. 5, 2014)............................................................6

*United States v. Woodbury*,
    263 F.2d 784 (9th Cir. 1959) ...........................................................................4, 10

*U.S. Rubber Co. v. Wright*,
    359 F.2d 784 (9th Cir. 1966) .............................................................................4, 9

iii

**Federal Statute**

28 U.S.C. § 1292(b) ................................................................................................................ *passim*

**Other Authority**

17 C.F.R. § 230.405 ................................................................................................................9

DEFENDANT PRICEWATERHOUSECOOPERS LLP'S OPPOSITION TO PLAINTIFFS' 1292(B) MOTION
CASE NO. 4:19-CV-02935-HSG

1

## INTRODUCTION

2    Plaintiffs' second attempt to sidestep the final judgment rule fares no better than their first.

3  The Court previously denied Plaintiffs' motion to enter judgment against PricewaterhouseCoopers

4  LLP ("PwC") under Rule 54(b) because Plaintiffs had failed to show that this is the "unusual case"

5  that would satisfy that "narrow exception to [the] final judgment rule." *See* Dec. 1, 2021 Order

6  (ECF 167) at 3.  Rather than accept that reality, Plaintiffs now move to certify the Court's Order

7  under 28 U.S.C. § 1292(b) (ECF 170) ("Mot.").  An interlocutory appeal, however, is also reserved

8  for "exceptional circumstances [that] justify a departure from the basic policy of postponing

9  appellate review until after the entry of a final judgment." *Heaton v. Soc. Fin., Inc.*, 2016 WL

10  232433, at *2 (N.D. Cal. Jan. 20, 2016).  As with Plaintiffs' Rule 54(b) motion, no such exceptional

11  circumstances exist here.  The Court correctly applied Supreme Court and Ninth Circuit precedent

12  to the facts alleged in the Complaint to dismiss certain claims, and an interlocutory appeal would

13  not avoid protracted litigation.  Under these circumstances, Plaintiffs cannot meet any of the three

14  statutory requirements for an interlocutory appeal.

15    First, Plaintiffs do not present a controlling question of law.  Their question—whether

16  "revenue and liabilities constitute actionable statements of fact"—misstates the Court's holding.

17  Far from addressing any such broad question, the Court held that the specific financial statement

18  assertions that are the subject of Plaintiffs' accounting claims are statements of opinion in light of

19  the accounting guidance that the Court carefully analyzed.  That holding involved the *application*

20  of settled law to Plaintiffs' allegations, which is not a pure legal question for purposes of Section

21  1292(b).  Nor is the question controlling, because there is an independent basis for dismissal of the

22  Section 11 claim against PwC.  As PwC explained (ECF 127 at 1, 6–10), Plaintiffs failed to plead

23  that PwC's opinion was objectively false because the errors in the financial statements on which

24  PwC opined were immaterial.  An interlocutory petition would not materially affect the outcome

25  of the litigation in the district court, because the Ninth Circuit could affirm on that alternative basis

26  or, on remand, the district court could enter judgment on the pleadings on that basis.

27    Second, there is no substantial ground for difference of opinion in light of *Omnicare, Inc.*

28  *v. Laborers District Council Construction Industry Pension Fund*, 575 U.S. 175 (2015), and the

1

1  Ninth Circuit's decision applying that precedent in *City of Dearborn Heights Act 345 Police &*
2  *Fire Retirement System v. Align Tech., Inc.*, 856 F.3d 605 (9th Cir. 2017).  Citing pre-*Omnicare*
3  cases, Plaintiffs contend that all financial statement assertions—or at least all those that have been
4  revised or restated—are categorically factual.  That contention flies in the face of *Align*, which this
5  Court properly relied on for the proposition that "a company's financial statements may constitute
6  opinions."  *Hunt v. Bloom Energy Corp.*, 2021 WL 4461171, at *5 (N.D. Cal. Sept. 29, 2021)
7  (citing *Align*, 856 F.3d 605 at 621).  As the Court also explained, Plaintiffs' claim that a revision
8  or restatement by itself suffices to plead that a statement must be factual is foreclosed by *Omnicare*.
9  *Id.* at *8 (citing *Omnicare*, 575 U.S. at 194).  When the Supreme Court and Ninth Circuit have
10  both spoken, there can be no basis for substantial disagreement.

11      Third, an immediate appeal will not materially advance the ultimate termination of this
12  litigation.  Plaintiffs have repeatedly maintained that the accounting claims that are the subject of
13  their Motion are "separate from" the construction and efficiency claims that will proceed in the
14  continuing action.  *See* Plaintiffs' 54(b) Motion (ECF 160) at 5.  The interlocutory review Plaintiffs
15  seek would do nothing to streamline the litigation of the remaining claims.  The Court should
16  therefore deny the Motion.

17                    **STATEMENT OF RELEVANT FACTS**

18      **A.    Plaintiffs' Claims**

19      In April 2020, Plaintiffs filed their Second Amended Complaint (ECF 113) ("Compl."),
20  which for the first time named PwC as a defendant.  Plaintiffs asserted claims under the Securities
21  Act, including Section 11 claims against "Section 11 Defendants"—Bloom, officers and directors,
22  underwriters, and PwC—relating to "(1) the existence and scale of construction delays;
23  (2) improper accounting under Generally Accepted Accounting Principles ('GAAP') for loss
24  contingencies and revenue relating to the Energy Servers; (3) the life cycle of the fuel cells in the
25  Energy Servers; (4) weaknesses in Bloom's internal controls; and (5) the efficiency and emissions
26  of the Energy Servers."  *Hunt*, 2021 WL 4461171, at *3.  Plaintiffs also asserted claims under the
27  Exchange Act, including Section 10(b) claims against Bloom and two officers based on "largely
28  overlapping statements."  *Id.* at *15.

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### B.     The Court's Order

On September 29, 2021, the Court granted in part and denied in part Defendants' motions. The Court dismissed: (1) each of Plaintiffs' Section 11 accounting claims against the Section 11 Defendants; (2) other, non-accounting Section 11 claims against Bloom and the underwriters based on alleged misrepresentations about fuel cell life, emissions, and internal controls; and (3) Section 10(b) claims against Bloom and individual officers.  The Court denied the motions to dismiss non-accounting Section 11 claims against Bloom and the underwriters for alleged misrepresentations about the beginning-of-life efficiency of Bloom's latest generation energy servers and construction delays.  As to Bloom's financial statements, the Court held that (1) Bloom's statements regarding accounting for service contract liabilities and accounting for revenues associated with its Managed Services Agreements ("MSAs") were each opinion statements subject to *Omnicare*, and (2) Plaintiffs had failed to plead facts calling into question Defendants' basis for these statements, as required by *Omnicare*.  *Hunt*, 2021 WL 4461171, at *4–8.

As to PwC, the Court held that PwC's opinion in its audit report regarding Bloom's 2016 and 2017 financial statements was also subject to *Omnicare* and that Plaintiffs had "failed to plead any facts suggesting that PwC did not sincerely believe" its opinion.  *Id.* at *15.[1]  Having reached that conclusion, the Court did not address (or need to address) PwC's independent argument for dismissal: that Plaintiffs had failed to plead that PwC's opinion was objectively false.  *See* PwC Motion to Dismiss (ECF 127) at 1, 6–10.

### C.     Plaintiffs' Response to the Court's Order

Plaintiffs elected not to amend their Complaint.  Instead, on October 22, 2021, they filed a

---

[1]  In granting PwC's motion, the Court relied in part on its reasoning in dismissing the accounting claims against the other Section 11 defendants, namely that "the GAAP provisions regarding sale-leaseback transactions like the MSAs are complex and may require the exercise of considerable judgment."  *Hunt*, 2021 WL 4461171, at *14.  The Court's reference in this context to Bloom's MSAs, but not its service contract liabilities, is consistent with the fact that, notwithstanding Plaintiffs' assertions (ECF 166, at 3–4), the Section 11 claim against PwC is based on Bloom's accounting for its MSAs, not its service contract liabilities.  While the "complaint hardly mentions PwC or its audit report at all," *Hunt*, 2021 WL 4461171, at *15, the few allegations regarding PwC refer to Bloom's MSAs, not its service contract liabilities.  *See* Compl. ¶¶ 80, 400, 455.

Rule 54(b) motion seeking final judgment on the dismissed claim against PwC, which the Court denied.  On December 17, Plaintiffs filed their Section 1292(b) Motion.  On December 21, Plaintiffs and the remaining defendants filed a scheduling stipulation, which the Court entered on January 5, 2022 (ECF 171, 175).  That schedule governs litigation of the claims remaining in this case, which are now moving into discovery.

## LEGAL STANDARD

Federal courts of appeals generally have jurisdiction only over appeals from "final decisions of the district courts."  28 U.S.C. § 1291.  Section 1292(b) provides a "narrow exception to [this] final judgment rule."  *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).  It allows a court to certify a non-final order for appellate review only if it finds, in writing, that the order "involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation."  § 1292(b).  These requirements are jurisdictional, and the party seeking certification bears the burden of showing that they have been met.  *Couch*, 611 F.3d at 633.  Even then, the "decision to certify an issue for interlocutory appeal is discretionary."  *Stiner v. Brookdale Sr. Living, Inc.*, 383 F. Supp. 3d 949, 957 (N.D. Cal. 2019).  The Ninth Circuit has emphasized that Section 1292(b) certification is "to be used only in exceptional situations."  *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981) (citing *U. S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (*per curiam*)); *see also James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) ("must be construed narrowly"); *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959) ("to be applied sparingly").

## ARGUMENT

**I.    Plaintiffs do not present a controlling question of law.**

For purposes of Section 1292(b), a question of law is "a pure legal question, such that the court of appeals could decide the question quickly and cleanly without having to study the record."  *Heaton*, 2016 WL 232433, at *3 (internal quotes, citation omitted).  It does *not* involve "deciding whether the district court properly applied settled law to . . . the facts . . . alleged in the complaint."  *Mamani v. Berzain*, 825 F.3d 1304, 1313 (11th Cir. 2016); *see also Cement Antitrust Litig.*, 673

4

1   F.2d at 1026–27 (question of law typically involves fundamental issues such as jurisdiction and

2   choice of law).  To be controlling, the movant must show that the "resolution of the [question] on

3   appeal could materially affect the outcome of litigation in the district court."  *Id.* at 1026.  Here,

4   Plaintiffs frame the question as:  "Whether reported revenue and liabilities contained in an issuer's

5   historical financial statements constitute actionable statements of fact."  Mot. at 4.  Plaintiffs both

6   misstate the Court's holding and fail to present a controlling question of law.

7        Specifically, the Court did not dismiss Plaintiffs' accounting claims based on a legal

8   principle that revenues or liabilities are *never* actionable statements of fact.  Instead, the Court

9   reasoned that: (1) there is an important distinction between statements of fact and statements of

10  opinion, *Hunt*, 2021 WL 4461171, at *4 (citing *Omnicare*); (2) that distinction applies to financial

11  statement items, *id.* at *5 (citing *Align*); and (3) some of those items may be statements of fact and

12  others statements of opinion, depending on "'the relevant provision of GAAP or ASC topic,'" *id.*

13  at *7 (quoting *In re AmTrust Fin. Servs., Inc. Sec. Litig.*, 2019 WL 4257110, at *14 (S.D.N.Y.

14  Sept. 9, 2019)).  Analyzing specific ASC provisions, the Court found that the particular financial

15  statement items at issue—Bloom's accounting for liabilities associated with its service contracts

16  and revenues from its MSAs—were statements of opinion subject to *Omnicare's* pleading

17  requirements.  *Id.* *4–8.  Further, PwC's audit report was also an opinion subject to these

18  requirements.  *Id.* at *14–15.  Because Plaintiffs did not satisfy *Omnicare's* pleading requirements,

19  the Court dismissed the accounting claims as to each defendant.  *Id.* at *6, 8, 15.

20       Plaintiffs imply that the Ninth Circuit could sidestep this analysis by holding, categorically,

21  that *all* financial statement assertions—or at least all those that have been revised or restated—are

22  statements of fact.  But that is a pipe dream, because as the Court pointed out, "Plaintiffs do not

23  cite any case law supporting their theory."  *Id.* at *8.  In reality, the Ninth Circuit would have to

24  determine, first, whether the Court had correctly applied settled law (*Omnicare*, *Align*) and the

25  relevant ASC guidance to find that the specific financial statement items at issue were statements

26  of opinion and, second, whether the Court had correctly found that Plaintiffs failed to plead that

27  those opinions were false and misleading under *Omnicare*.  That exercise would entail a review of

28  the "*application* of the relevant standards to the facts alleged by plaintiffs," which district courts

1    have declined to treat as a "purely legal question," even when the order at issue was entered on a

2    motion to dismiss.  *Allen v. ConAgra Foods, Inc.*, 2019 WL 1466889, at *2 (N.D. Cal. Feb. 6,

3    2019) (emphasis in original); *see also Mamani*, 825 F.3d at 1313 (declining certification because

4    "[d]eciding these Rule 12(b)(6) issues would require us to say much about these particular

5    plaintiffs' allegations and little about the [statute's] general standard for liability").

6            Nor is Plaintiffs' question "controlling" because there is an independent basis for dismissal

7    of the Section 11 claim against PwC.  The claim is based on PwC's opinion in the registration

8    statement that Bloom's 2016 and 2017 financial statements "present fairly, in all *material* respects,

9    the financial position of the Company."   To plead objective falsity, Plaintiffs were required to

10   allege that Bloom's 2016 or 2017 financial statements contained a material error.  Plaintiffs did

11   not do so.  Instead, Plaintiffs adopted the Company's determination that, while errors in certain of

12   Bloom's *2018 and 2019* financial statements (which are not the basis for the claim against PwC)

13   were material, the errors in the *2016 and 2017* financial statements were "immaterial."  Compl.

14   ¶¶ 401, 412.  That immateriality is fatal to Plaintiffs' claim.  An interlocutory appeal would not

15   materially affect the outcome of litigation in the district court because, regardless of the answer to

16   the certified question, the Ninth Circuit could still affirm dismissal of the claim against PwC on

17   this alternative basis or, on remand, the district court could still enter judgment on the pleadings.

18   *See Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 95 (2d Cir. 2004)  ("Because at

19   least one alternative basis for 'related to' jurisdiction may exist . . . we are not convinced that the

20   Bondholders have raised a 'controlling question' that should be reviewed on an interlocutory

21   basis."); *United States v. Sterling Centrecorp, Inc.*, 2014 WL 12917305, at *2 (E.D. Cal. Feb. 5,

22   2014) (denying certification in part because "even if a controlling issue could be identified as to

23   one liability alternative, the other two bases for finding Sterling responsible still stand").

24           Finally, Plaintiffs cite *Cunha v. Hansen Natural Corp.*, 2012 WL 12886194 (N.D. Cal.

25   Oct. 22, 2012), for the proposition that any question going to whether a plaintiff has stated a claim

26   is controlling.  Mot. at 5.  That is *dicta*, because *Cunha* denied the Section 1292(b) application,

27   while also noting competing authority that interlocutory appeals "are rarely granted on Rule 12

28   motions."  2012 WL 12886194, at *6.  Indeed, among Ninth Circuit cases accepting certifications

on Rule 12 motions, it appears that most involve orders *denying* motions to dismiss.[2]  That makes sense, because the possibility that a party could go to trial on a claim that never should have gotten past the pleadings may present an "exceptional situation[] in which allowing an interlocutory appeal would avoid protracted expensive litigation."  *Cement Antitrust Litig.*, 673 F.2d at 1026.  Here, however, the Court properly *granted* motions to dismiss Plaintiffs' accounting claims.

**II.      There is no substantial ground for difference of opinion as to the Court's Order.**

The second requirement under § 1292(b) is that there be a "substantial ground for difference of opinion" on the certified question.  As the Ninth Circuit has explained:

> courts must examine to what extent the controlling law is unclear.  Courts traditionally will find a substantial ground for difference of opinion where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented. . . . [A] party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference.

*Couch,* 611 F.3d at 633 (internal quotations and citation omitted).

Plaintiffs cannot meet this requirement.  They contend that all financial statements (at least all "revenue and liabilities") are statements of fact and that any revision or restatement of financial statements suffices to show that the statements therein are "objectively incorrect."  Mot. at 4.  Far from presenting any substantial ground for disagreement, Plaintiffs merely repeat arguments that the Court previously considered and correctly held were foreclosed by controlling authority.  *See Stiner*, 383 F. Supp. 3d at 958 ("[Movant] repeats the arguments the Court rejected in denying the motion to dismiss, but that simply reflects its 'strong disagreement' with the Court's holding.") (quoting *Couch*, 611 F.3d at 633).

First, as the Court correctly noted, the Ninth Circuit has "recognized that the application of GAAP—at least at times—requires a company to exercise its judgment, such that a company's financial statements may constitute opinions."  *Hunt*, 2021 WL 4461171, at *5 (citing *Align*, 856 F.3d at 621).  Further, *Omnicare* forecloses the argument that a subsequent revision or restatement suffices to plead that a prior statement is factual because the Supreme Court "implicitly

---

[2] *See, e.g.*, *Fortyune v. City of Lomita*, 766 F.3d 1098, 1100–01 (9th Cir. 2014); *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 683–84 (9th Cir. 2011).

recognized" that "opinion statements can still be wrong such that a company may seek to correct them." *Id.* at *8 (citing *Omnicare*, 575 U.S. at 194). In light of these precedents, there can be no substantial disagreement. *Brown v. Mesirow Stein Real Est., Inc.*, 7 F. Supp. 2d 1004, 1008 (N.D. Ill. 1998) ("If a controlling court of appeals has decided the issue, no substantial ground for difference of opinion exists and there is no reason for an immediate appeal.") (internal quotes, citation omitted).

Second, Plaintiffs' categorical approach is contrary to *Omnicare* itself. Plaintiffs claim that *all* statements of a certain kind are statements of fact—including all "revenue and liability" items, or all such items that have been revised or restated. But *Omnicare* teaches that courts must analyze each statement individually to determine whether it is a statement of fact or of opinion. *See Omnicare*, 575 U.S. at 179 (Section 11 liability is based on "what the statement says . . . [or] what it leaves out"); *id.* at 183–85 (illustrating fact/opinion distinction based on the content of individual "sentences"). Indeed, courts applying *Omnicare* analyze statements, including financial statement items, on an individualized, statement-by-statement basis to determine whether they are statements of fact or opinion. *See Align*, 856 F.3d at 614 ("[W]hile the district court properly concluded that Statement 3 [goodwill impairment] is an opinion statement, Statement 2 [fair value assessments] should be considered an opinion statement with an embedded statement of fact."); *AmTrust*, 2019 WL 4257110, at *15 ("Whether the alleged misstatements are statements of fact or opinion depends on the facts and circumstances . . . ."). This Court properly followed *Omnicare* and the individualized approach it requires. Stated simply, Plaintiffs' advocacy for a categorical treatment of all financial statement items that the controlling law precludes does not raise a substantial ground for disagreement.

Third, none of the decisions Plaintiffs cite—most of which pre-date *Omnicare*—compels a different conclusion. For example, Plaintiffs cite *In re Worlds of Wonder Securities Litigation*, 35 F.3d 1407, 1418 (9th Cir. 1994), for the proposition that a "company that 'substantially overstates its revenues by reporting consignment transactions as sales . . . makes false or misleading statements of material fact." Mot. at 5. The quotation is misleading, because this case did not address the distinction between facts and opinions, much less hold that all financial

statement items are statements of fact.  The quoted language refers to the allegation that the issuer provided guaranteed rights of return on its sales, which would preclude recognizing revenue under bright-line accounting guidance (unlike the guidance here).  And even that proposition is *dicta*, because the Ninth Circuit held that plaintiffs presented insufficient evidence of guarantees, such that the "Prospectus was *not* misleading" and summary judgment was appropriate.  *Worlds of Wonder*, 35 F.3d at 1418 (emphasis added).  This and other pre-*Omnicare* cases do not raise a substantial disagreement because they are "inapposite to the issue." *Ryan, Beck & Co., LLC v. Fakih*, 275 F. Supp. 2d 393, 398 (E.D.N.Y. 2003) (internal quotes, citation omitted).

Plaintiffs also cite a post-*Omnicare* district court decision, *Special Situations Fund III QP, L.P. v. Marrone Bio Innovations, Inc.*, 243 F. Supp. 3d 1109 (E.D. Cal. 2017) (Mot. at 6), but it was wrongly decided, and the Court correctly "disagree[d]" with it. *Hunt*, 2021 WL 4461171, at *14.  In *Marrone Bio*, the court declined to treat audit opinions as what they are—opinions—and instead treated them as "certifications" to which *Omnicare* does not apply.  243 F. Supp. 3d at 1116–18.  That case is inconsistent with: the standard language of audit opinions; SEC guidance defining the term "certified" to mean "reported upon with an opinion" by an audit firm, 17 C.F.R. § 230.405; and multiple decisions treating audit opinions as statements of opinion under *Omnicare*.[3]  This single incorrect case is too thin a reed to create a substantial ground for disagreement.

### III.    An interlocutory appeal would not materially advance the litigation.

Finally, an interlocutory appeal would not materially advance the ultimate termination of the litigation or "avoid protracted and expensive litigation." *U.S. Rubber*, 359 F.2d at 785.  Plaintiffs acknowledge that their remaining claims are "separate from" the claims that they seek to revive through certification. *See* ECF 160 at 5.  Thus, an interlocutory appeal will not avoid unnecessary litigation or streamline the litigation of the remaining claims.  On the contrary, and as

---

[3] *See Querub v. Moore Stephens Hong Kong*, 649 F. App'x 55, 58 (2d Cir. 2016) (summary order); *Johnson v. CBD Energy Ltd.*, 2016 WL 3654657, at *10–11 (S.D. Tex. July 6, 2016) (disagreeing with *Marrone Bio*); *In re Velti PLC Sec. Litig.*, 2015 WL 5736589, at *17–18 (N.D. Cal. Oct. 1, 2015); *Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*, 2015 WL 3833849, at *34 (M.D. Pa. June 22, 2015).

9

the Court has noted, Plaintiffs' sole purpose is to "*expand* the scope of the issues if successful." ECF 167 at 5 (emphasis added). Under these circumstances, courts routinely find that certification will not materially advance the litigation. *See Stiner*, 383 F. Supp. 3d at 958 (denying certification because "litigation would go forward regardless"); *Heaton*, 2016 WL 232433, at *7 ("Where a substantial amount of litigation remains in the case regardless of the correctness of the Court's ruling . . . arguments that interlocutory appeal would advance the resolution of the litigation are unpersuasive.") (internal quotes, citation omitted); *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. Nov. 15, 1994) (denying certification when it would "not eliminate the need for a trial" and only "would serve to add, and not eliminate, issues for disposition at trial").[4]

Plaintiffs assert that they have satisfied this third requirement because an early appeal would avoid "potential reversal" and the possible litigation of any remanded claims "several years from now," which they claim would be "highly prejudicial to both Plaintiffs and Defendants." Mot. at 7. But the Court correctly rejected the very same prejudice argument when denying Plaintiffs' Rule 54(b) motion because "such delay arises in every case in which some but not all claims are dismissed before trial" and "the appellate process itself takes time." *See* ECF 167 at 5. The argument that certification could avoid the potential for a delayed trial of the currently dismissed claims applies in every case where a court dismisses fewer than all claims. If accepted, that argument would transform certification from the exception to the rule, contrary to the Ninth Circuit's direction that certification is "to be applied sparingly and only in exceptional cases." *Woodbury*, 263 F.2d at 788 n.11; *see also Kirkland & Ellis v. CMI Corp.*, 1996 WL 674072, at *4 (N.D. Ill. Nov. 19, 1996) ("[T]he burden of relitigation alone is an insufficient basis for an interlocutory appeal.").

---

[4] Almost all the cases Plaintiffs cite in this context (Mot. at 7) are distinguishable because they involve orders *denying* dispositive motions, the interlocutory appeal of which could avoid potentially unnecessary litigation of live claims in the district court. *See, e.g.*, *Bowen v. Target Corp.*, 2021 WL 4860689, at *1 (C.D. Cal. Sept. 17, 2021) (denial of motion for judgment on the pleadings); *Pharm. Rsch. & Mfrs. v. David*, 2021 WL 2476861, at *1 (E.D. Cal. June 17, 2021) (denial of plaintiff's summary judgment motion); *Rollins v. Dignity Health*, 2014 WL 6693891, at * 1 (N.D. Cal. Nov. 26, 2014) (denial of defendants' cross motions for partial summary judgment). Here, by contrast, Plaintiffs seek to expand the district court proceedings by seeking an early appeal of dismissed claims that would not otherwise proceed.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

Plaintiffs cannot satisfy any of the statutory requirements to establish their entitlement to the extraordinary relief that they seek.  The Court should therefore deny the Motion.


Date: January 21, 2022

By: */s/ Lisa R. Bugni*

Lisa R. Bugni (SBN 323962)
lbugni@kslaw.com
KING & SPALDING LLP
50 California Street, Suite 3300
San Francisco, California 94111
Telephone: 415-318-1234

Kenneth Y. Turnbull (admitted *pro hac vice*)
kturnbull@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, 2nd Floor
Washington, D.C. 20006
Telephone: 202-737-0500

*Attorneys for PricewaterhouseCoopers LLP*