UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EVERETT HUNT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BLOOM ENERGY CORPORATION, et al.,<br><br>Defendants. | Case No. 19-cv-02935-HSG<br><br>**ORDER DENYING MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**<br><br>Re: Dkt. No. 170 |

Pending before the Court is Plaintiffs' motion to certify an order for interlocutory appeal. Dkt. No. 170. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion.

## I.   BACKGROUND

The parties are familiar with the facts of this case. In his second amended complaint, Lead Plaintiff James Everett Hunt and additional plaintiffs asserted violations of the federal securities laws under Sections 11 and 15 of the Securities Act of 1933; Sections 10(b) and 20(a) of the Securities Exchange Act of 1934; and SEC Rule 10b-5 against Bloom Energy Corporation and certain of its top officials (collectively, "Defendants"). *See* Dkt. No. 113 ("SAC") at ¶ 1. As relevant here, Plaintiffs challenged several statements in Bloom's Registration Statement under Section 10(b) and Section 11, including what Plaintiffs considered improper accounting under Generally Accepted Accounting Principles ("GAAP") for loss contingencies and revenue relating to Bloom's Energy Servers. *See id.* at ¶¶ 63–74. Defendants brought three motions to dismiss the

second amended complaint. The Section 11 Defendants[1] brought a motion to dismiss the Section 11 claims, as well as the Section 15 "controlling persons" claims. Dkt. No. 130. PwC, Bloom's independent auditor, brought its own motion to dismiss the Section 11 claims. Dkt. No. 127. And the Section 10(b) Defendants[2] brought a motion to dismiss the Section 10(b) claims. Dkt. No. 129.

On September 29, 2021, the Court granted in part and denied in part the motions to dismiss (the "Order"). *See* Dkt. No. 157. The Court dismissed all the claims against PwC as well as the related accounting-based claims alleged against the other Defendants under Section 10(b) and Section 11. *See id.* The Court held, *inter alia*, that (1) Bloom's statements regarding accounting for contingent liabilities and Managed Services Agreements were subject to *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 575 U.S. 175 (2015); and (2) Plaintiffs had failed to plead "facts calling into question Defendants' basis" for these statements. Dkt. No. 157 at 8–14. As to PwC, the Court further held that PwC's opinions in its audit report regarding Bloom's 2016 and 2017 financial statements were also subject to *Omnicare*, and that Plaintiffs "failed to plead any facts suggesting that PwC did not sincerely believe" its opinions in the audit report. *Id.* at 22–26. The Court did not, however, dismiss Plaintiffs' Section 11 claims against the other Section 11 Defendants regarding alleged misrepresentations about the efficiency and emissions of Bloom's Energy Servers and construction delays. *See id.* at 20–21.

The Court granted Plaintiffs leave to amend within 21 days of the date of the Order. *See id.* at 34. However, Plaintiffs did not amend within this timeframe. Rather, they stated that they could not "plead additional facts regarding the dismissed claims to meet the standard for pleading claims under the Securities Act and Exchange Act as required by the Court in its Order," and therefore concluded that "further amendment and additional briefing on a motion to dismiss would be futile." *See* Dkt. No. 159 at 3. Instead of amending the complaint, Plaintiffs sought entry of

---

[1] The Section 11 Defendants include Bloom Energy Corporation, nine of Bloom's current and former officers and directors, and the ten underwriters of Bloom's initial public offering. *See* Dkt. No. 130.

[2] The Section 10(b) Defendants include Bloom Energy Corporation, Bloom's CEO KR Sridhar, and Bloom's former CFO Randy Furr. *See* Dkt. No. 129.

judgment as to PwC under Federal Rule of Civil Procedure 54(b).  Dkt. No. 160.  The Court denied this motion.  *See* Dkt. No. 167.  Plaintiffs now request that the Court certify the Order relating to the Section 11 accounting claims for interlocutory appeal under 28 U.S.C. § 1292(b).  *See* Dkt. No. 170.

## II.   LEGAL STANDARD

Under the "final judgment rule," codified in 28 U.S.C. § 1291, the courts of appeal have jurisdiction over "appeals from all final decisions of the district courts of the United States."  28 U.S.C. § 1291.  Plaintiffs acknowledge that the Order is not a final order that ends the litigation and is not appealable as of right.  *See generally* Dkt. No. 170.  The Court did not dismiss all claims against all Defendants.  Rather, the Court denied the motion to dismiss as to the Section 11 claims based on Bloom's statements about the efficiency and emissions of the Energy Servers and construction delays.  *See* Dkt. No. 157.  Plaintiffs thus seek to invoke a "narrow exception" to the final judgment rule.  *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).  Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if certain requirements are met.  *Id.*  "These certification requirements are (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation."  *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).  The Ninth Circuit has repeatedly held that appellate review before a final judgment is only appropriate in "exceptional cases where decision of an interlocutory appeal might avoid protracted and expensive litigation."  *See, e.g.*, *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).

Because § 1292(b) is a departure from the final judgment rule, this exception "must be construed narrowly."  *See James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).  The decision to certify an issue for interlocutory appeal is discretionary, *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 36 (1995), and the district court should apply the requirements "strictly" and certify for interlocutory appeal only when "exceptional circumstances" justify a departure from the well-established policy of postponing appellate review until after a final judgment.  *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).  The party seeking

3

certification bears the burden of demonstrating that the requirements are satisfied and that such a departure is warranted. *Id.*

### III. DISCUSSION

The Court finds that Plaintiffs have not shown the exceptional circumstances necessary to "invoke the narrow exception to the final judgment rule embodied in 28 U.S.C. § 1292(b)." *See Couch*, 611 F.3d at 633. Critically, the Court finds that an immediate appeal will not "materially advance the ultimate termination of the litigation." *In re Cement*, 673 F.2d at 1026. The Ninth Circuit has clarified that "neither § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a *final, dispositive effect* on the litigation . . . ." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (emphasis added). Nevertheless, the Court must consider whether an appeal "would minimize the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." *See Allen v. ConAgra Foods, Inc.*, No. 3:13-CV-01279-WHO, 2019 WL 1466889, at *3 (N.D. Cal. Feb. 6, 2019) (quotation omitted).

Here, Plaintiffs argue that an interlocutory appeal would provide clarity about the parties and claims remaining in this litigation, and that this clarity would allow the parties to litigate this action more efficiently. *See* Dkt. No. 170 at 6–8. The Court is not persuaded.

*First*, Plaintiffs assert that absent an immediate appeal "[q]uestions would [] arise about PwC's ongoing status as a party in the case" because all the claims against it have been dismissed but judgment has not been entered yet. *See* Dkt. No. 170 at 7. Plaintiffs raised a similar argument in their motion for entry of judgment as to PwC under Federal Rule of Civil Procedure 54(b). *See* Dkt. No. 160 at 2 (urging that "delaying entering judgment would generate considerable confusion and prejudice" because "[w]ithout judgment, PwC would remain parties to this proceeding, and the claims alleged against it would be left in a limbo"). But as before, the Court finds no reason to believe that the parties are actually confused about PwC's status in this case. Plaintiffs' own motion succinctly explains that "PwC and all accounting claims have been entirely dismissed from the action." *See* Dkt. No. 170 at 4. And PwC, for its part, opposes Plaintiffs' motion to certify the order for interlocutory appeal. *See* Dkt. No. 178; *see also* Dkt. No. 177 ("The Bloom Defendants

and the Underwriters are certainly not 'confused' about the matter . . . .").

*Second*, Plaintiffs argue that "[i]t would be highly prejudicial" if they had to wait to appeal and potentially litigate the accounting claims on remand because "[t]here would be obvious detrimental effects on discovery and the availability of witnesses and evidence." *See* Dkt. No. 170 at 7. But as this Court has already explained, "the appellate process itself takes time." *See* Dkt. No. 167 at 5. Fact discovery in this case closes in December 2022. *See* Dkt. No. 175. Even if Plaintiffs were to file their interlocutory appeal tomorrow, it is not realistic to believe that the Ninth Circuit would issue an opinion and provide clarity on the dismissed accounting-based claims by the end of this year. According to the Ninth Circuit's website, oral argument in civil cases is not generally scheduled until 12 to 20 months from the notice of appeal date, and cases are generally decided within three months to a year after oral argument.[3] In fact, given these estimates it is possible that the interlocutory appeal would not conclude before trial commences in December 2023. An interlocutory appeal therefore actually risks further complicating the trial court proceedings rather than streamlining them.

*Third*, Plaintiffs argue that an immediate appeal could provide certainty regarding whether the accounting-based claims remain in this case. Plaintiffs suggest that it would be inefficient to litigate these accounting-based claims only after trial on the other challenged statements. *See* Dkt. No. 170 at 7–8. But as Defendants explain, this argument would "appl[y] in every case where a court dismissed fewer than all claims." *See* Dkt. No. 178 at 10; *see also* Dkt. No. 167 at 4 (noting "the circumstances of this case—in which some securities claims, but not all, have survived a motion to dismiss—are quite routine"). Section 1292(b), however, is only intended for "exceptional cases." *See, e.g.*, *U.S. Rubber*, 359 F.2d at 785; *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959) ("[I]n passing [§ 1292(b)] Congress did not intend that the courts abandon the final judgment doctrine and embrace the principle of piecemeal appeals."); *In re Cement*, 673 F.2d at 1027 (noting that Congress intended § 1292(b) "to be applied sparingly and only in exceptional cases").

---

[3] *See* United States Court of Appeals for the Ninth Circuit, Office of the Clerk, "Frequently Asked Questions" Nos. 17–18, https://www.ca9.uscourts.gov/general/faq/ (last visited Apr. 12, 2022).

1    Moreover, Plaintiffs only seek to certify a question related to the Section 11 claims in this
2    case:

> Whether reported revenue and liabilities contained in an issuer's historical financial statements included in a Registration Statement constitute actionable statements of fact against the issuer and its auditor pursuant to Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k.

*See* Dkt. No. 170 at 1. Even accepting this framework, Plaintiffs do not ask the Court to certify any question related to their attack on Bloom's financial statements under Section 10(b). Yet Plaintiffs' Section 10(b) and Section 11 claims are based on largely overlapping statements involving, as relevant here, Bloom's allegedly improper accounting under GAAP for loss contingencies and revenue. Plaintiffs have not waived the right to appeal the Court's order regarding their Section 10(b) claim. If the Court granted Plaintiffs' motion, therefore the Ninth Circuit might have to consider arguments regarding the accounting-based claims both on interlocutory appeal regarding the Section 11 claim and then again regarding the Section 10(b) claim. Such inefficiency would neither accelerate the pace of this litigation nor minimize the burden on the Courts or the parties.

*Lastly*, Plaintiffs suggest that they will not settle without appealing the Court's ruling on their accounting-based claims. *See* Dkt. No. 170 at 8; Dkt. No. 180 at 11–12 ("Plaintiffs have shown that they intend to appeal this Court's decision, regardless of any other parties [*sic*] 'will' to settle."). Plaintiffs thus urge that "by allowing these issues to be determined now, it would encourage settlement negotiations, and may advance the termination of this litigation." *See* Dkt. No. 180 at 12 (emphasis omitted). Plaintiffs may of course litigate—or settle—their case as they see fit. But the Court does not find their unwillingness to settle before an appeal a relevant basis to justify an interlocutory appeal under § 1292(b).

In short, the Court finds that no time, effort, or expense will be saved by allowing Plaintiffs' appeal sooner rather than later. *See U.S. Rubber*, 359 F.2d at 785 (explaining that § 1292(b) is intended to "avoid protracted and expensive litigation"). Because the third requirement under § 1292(b) is not met, the Court need not reach the questions of whether the

issues for which Defendants seek certification raise "controlling questions of law" involving "substantial grounds for difference of opinion."

### IV. CONCLUSION

Accordingly, the Court declines to exercise its discretion to certify the Order for interlocutory appeal and **DENIES** the motion. The case schedule remains in effect.

**IT IS SO ORDERED.**

Dated: 4/14/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge