Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
LEVI & KORSINSKY, LLP
75 Broadway, Suite 202
San Francisco, CA 94111
Telephone: (415) 373-1671
aapton@zlk.com
amccall@zlk.com

Nicholas Ian Porritt (admitted *pro hac vice*)
LEVI & KORSINSKY, LLP
1101 30th Street NW Suite 115
Washington, DC 20007
Telephone: (202) 524-4290
nporritt@zlk.com

Max Edward Weiss (admitted *pro hac vice*)
LEVI & KORSINSKY, LLP
55 Broadway, 10th Floor
New York, New York 10006
Telephone: (212) 363-7500
mweiss@zlk.com

*Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELISSA M. ROBERTS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BLOOM ENERGY CORPORATION, et al.,<br><br>Defendants. | Case No. 4:19-cv-02935-HSG<br><br>**JOINT STIPULATION AND ORDER IN RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Hon. Haywood S. Gilliam, Jr. |

1  Lead Plaintiff James Everett Hunt, additional plaintiffs Juan Rodriguez, Kurt Voutaz, Joel
2  White, Andrew Austin, and Ryan Fishman ("Plaintiffs") and Defendants Bloom Energy Corporation and
3  the Individual Defendants (the "Bloom Defendants") and Defendants J.P. Morgan Securities LLC, Morgan
4  Stanley & Co. LLC, Credit Suisse Securities (USA) LLC, KeyBanc Capital Markets Inc., Merrill Lynch,
5  Pierce, Fenner & Smith Incorporated, Cowen and Company, LLC, HSBC Securities (USA) Inc.,
6  Oppenheimer & Co. Inc., Raymond James & Associates, Inc., and Robert W. Baird & Co. Incorporated
7  (the "Underwriter Defendants," and together with the Bloom Defendants, "Defendants" and together with
8  Lead Plaintiff, the "Parties"), by and through their undersigned counsel, hereby submit the following
9  stipulation in response to the Court's March 16, 2023 Order to Show Cause:

**WHEREAS,** on March 18, 2022, Plaintiffs filed a Motion for Class Certification (Dkt. No. 183);

**WHEREAS**, on May 16, 2022, the Bloom Defendants filed their Opposition to Plaintiffs' Motion for Class Certification (Dkt. No. 194);

**WHEREAS,** on May 16, 2022, the Underwriter Defendants filed a Joinder in the Bloom Defendants' Opposition to Plaintiffs' Motion for Class Certification (Dkt. No. 196);

**WHEREAS,** on June 15, 2022, Plaintiffs filed a Reply in Further Support of the Motion for Class Certification (Dkt. 198);

**WHEREAS,** on June 30, 2022, a hearing was held on the Motion for Class Certification and the Court issued a Minute Entry directing the Parties to meet and confer and e-file by July 14, 2022, a joint filing proposing a revised class definition as discussed on the record (Dkt. 201);

**WHEREAS,** on July 14, 2022, the Parties filed a Joint Submission Regarding Class Definition (Dkt. 204);

**WHEREAS,** on January 10, 2023, the Parties filed a Joint Notice of Settlement and Stipulation and Proposed Order to Stay Proceedings and Vacate Hearings Pending Settlement Approval (Dkt. No. 215);

**WHEREAS**, on January 11, 2023, the Court issued an Order (Dkt. No. 216) staying the proceedings and vacating all hearings pending finalization of the settlement documentation and a ruling on Lead Plaintiff's Motion for Preliminary Approval of Settlement;

**WHEREAS**, the Parties are in the process of memorializing their agreement in a comprehensive written Settlement Agreement and continue to work in good faith to finalize the Settlement Agreement as quickly as possible;

**WHEREAS,** Plaintiffs intend to file an unopposed Motion for Preliminary Approval of the settlement following execution of the Settlement Agreement;

**WHEREAS**, as part of the Settlement, Plaintiffs will request the Court to certify a class for settlement purposes only;

**WHEREAS,** on March 16, 2023, the Court entered an Order to Show Cause (Dkt. No. 224) why Dkt. No. 183 (the pending motion for class certification) and Dkt. No. 196 (the joinder in the opposition to the motion for class certification) should not be terminated as moot, without prejudice to renewal if the parties' proposed settlement does not receive final approval;

**WHEREAS,** the Parties have met and conferred and agree that it would serve the interests of efficiency and conserve resources to terminate the pending motion for class certification and all associated briefing as moot, without prejudice to renewal if the parties' proposed settlement does not receive class certification for settlement purposes only or final approval;

**WHEREAS,** Plaintiffs reserve all rights to move for Class Certification as to any claims against non-Settling parties to the extent any remain after any potential appeal;

**NOW THEREFORE, THE PARTIES HEREBY STIPULATE AND AGREE**, pursuant to Civil L.R. 6-2, by and through their undersigned counsel:

1. Dkt. No. 183, the pending motion for class certification, and all associated briefing, including Dkt. No. 196, the joinder in the opposition to the motion for class certification, shall be terminated as moot, without prejudice to renewal if the parties' proposed settlement does not receive class certification for settlement purposes only or final approval.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

**Date:** ___3/21/2023_____

_____
**Honorable Haywood S. Gilliam, Jr.**
**United States District Court Judge**