**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES EVERETT HUNT, et al., | Case No. 19-cv-02935-HSG |
| Plaintiff, | |
| v. | ORDER AS MODIFIED GRANTING AUTHORIZATION TO DISTRIBUTE THE NET SETTLEMENT FUND |
| BLOOM ENERGY CORPORATION, et al., | |
| Defendants. | |

**ORDER AS MODIFIED AUTHORIZING DISTRIBUTION OF NET SETTLEMENT FUND**

WHEREAS, James Everett Hunt, the Court-appointed Lead Plaintiff ("Lead Plaintiff" or "Plaintiff"), through counsel, moves this Court for an order approving the Distribution Plan in the above-captioned class action (the "Action") and for payment to the Claims Administrator to satisfy all administration fees and expenses through the initial distribution. Having reviewed and considered all the materials and arguments submitted in support of the motion, including the Declaration of Susanna Webb Concerning the Results of the Claims Administration Process (the "Webb Declaration"); and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this fourteenth day of April, 2025, that:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated June 30, 2023 (ECF No. 237-3) (the "Stipulation") and the January 17, 2025 Declaration of Susanna Webb Concerning the Results of the Claims Administration Process (the "Webb Declaration"), and all terms used herein shall have the same meanings as set forth in the Stipulation and the Webb Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The proposed plan for distributing the Net Settlement Fund (the "Distribution Plan") as set forth in the Webb Declaration to Authorized Claimants is **APPROVED** and the Court **GRANTS** the Motion for Disbursement of Funds, Dkt. No. 267.

Accordingly:

(a) The administrative recommendations of the Court-approved Claims Administrator, ("Epiq" or "Claims Administrator") to accept the Timely Eligible Claims set forth in Exhibit B-1 to the Webb Declaration and the Late But Otherwise Eligible Claim set forth in Exhibit B-2 to the Webb Declaration, are adopted;

(b) The Claims Administrator's administrative recommendations to reject the inadequately documented claims that have not been successfully cured and wholly ineligible Claims as set forth in Exhibits C and B-3 to the Webb Declaration are adopted;

(c) Epiq is directed to distribute 100% of the Net Settlement Fund, after deducting all payments previously allowed and the payments approved by the Court, including the 10% of attorney's fees ordered withheld until the filing of the Post-Distribution Accounting by the Order Granting Motion for Final Approval and Motion for Attorney's Fees, and after deducting payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, to Authorized Claimants who would receive at least $10.00 based on their *pro rata* share of the Net Settlement Fund, which is based on each Authorized Claimant's Recognized Claim as compared to the Total Recognized Claims of all Authorized Claimants as set forth in paragraph 40(a) of the Webb Declaration (the "Distribution") and the Court-approved Plan of Allocation;

(d) In order to encourage Authorized Claimants to promptly cash their checks, all Distribution checks shall bear the following notation: "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 90 DAYS AFTER ISSUE DATE";

(e) Authorized Claimants who do not cash their Distribution checks within the time allotted shall irrevocably forfeit all recovery from the Settlement, and the funds allocated to all such stale-dated checks shall be available to be re-distributed to other Authorized Claimants in a Second Distribution. Similarly, Authorized Claimants who do not cash their second or subsequent distributions (should such distributions occur) within the time allotted shall irrevocably forfeit any further recovery from the Net Settlement Fund;

(f) After Epiq has made reasonable and diligent efforts to have Authorized Claimants cash their Distribution checks, but no earlier than six (6) months after the Distribution, Epiq shall conduct a second distribution of the Net Settlement Fund (the "Second Distribution"), in which any amounts remaining in the Net Settlement Fund after the Distribution, after deducting Epiq's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of such Second Distribution), and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, shall be distributed to all Authorized Claimants in the Distribution who cashed their Distribution check and who would receive at least $10.00 from such re-distribution based on their *pro rata* share of the remaining funds. Additional re-distribution, after deduction of costs and expenses as described above and subject to the same conditions,

may occur until Lead Counsel, in consultation with Epiq, determine that further re-distribution is not cost effective;

  (g) No new Claims shall be accepted after November 1, 2024, and no further Claim adjustments received on or before December 13, 2024 that would result in an increased recognized claim amount shall be accepted.

  4. Epiq shall be paid $224,359.95 in satisfaction of the administration fees and expenses for conducting the claims review and initial distribution processes and shall withhold this amount when calculating the Net Settlement Fund. Additionally, (i) in no less than one (1) year after the Second Distribution, Epiq may destroy the paper copies of the Claim Forms and all supporting documentation; and (ii) in no less than one (1) year after all funds have been distributed, Epiq may destroy the electronic copies of the Claim Forms and all supporting documentation.

  5. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

SO ORDERED this fourteenth day of April, 2025

_____
The Honorable Haywood S. Gilliam, Jr.
United States District Judge